**Herman C. Kinney v. Goodyear Tire & Rubber Co., John C. Canney, H. Eugene Boyd and Gans Surplus Tire Co.**

[367 A.2d 677]

No. 281-75

Present: Barney, C.J., Daley, Larrow, Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 7, 1976

572

*Natt L. Divoll, Jr.,* Bellows Falls, for Plaintiff.

*Robinson E. Keyes* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Goodyear.

*James H. Wick* of *Dinse, Allen & Erdmann,* Burlington, for Gans.

*Sylvester & Maley,* Burlington, for Canney.

**Larrow, J.** Plaintiff claims personal injuries caused by the bursting of a new tire while he was mounting it on August 7, 1968. By complaint filed August 5, 1974, he sought recovery from (a) Goodyear Tire & Rubber Co., alleging breach of express and implied warranty of merchantability and fitness for use, in manufacturing the tire, (b) Gans Surplus Tire Co., who sold the tire to Canney and Boyd, alleging breach of implied warranty of merchantability and fitness for use, and (c) Canney and Boyd, individual purchasers of the tire, for breach of duty in having the plaintiff mount their defective tire.

Defendant Boyd never appeared or answered, but no judgment was taken as to him, and the action against him was eventually dismissed with prejudice in this Court, by agreement of the parties, so that the summary judgment below, disposing of the matter by judgment in favor of the other defendants, is a final and appealable judgment under V.R.C.P. 54(b) and V.R.A.P. 4.

The other defendants moved for summary judgment below on the general ground that the asserted claim was barred by the applicable statute of limitations, but they inadvertently cited 12 V.S.A. § 511, the general six year statute applicable to civil actions. Subsequently the court and the plaintiff were advised of this error and of the parties' intent to cite 12 V.S.A. § 512(4). Although no formal amendment of the pleadings was made, the issue was treated by all parties below, and by the court, as being the applicability of § 512(4). The motions were clearly granted on that basis, and plaintiff has admitted in this Court that the issue was squarely raised below, without prejudice to him. V.R.C.P. 15(b).

12 V.S.A. § 512(4), in its relevant portion, reads as follows:

Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:

(4) Injury to the person suffered by the act or default of another, except as otherwise provided in this chapter;

It is uncontroverted that the chapter in question does not otherwise provide, and that either this section or 12 V.S.A. § 511, setting up a six year statute for civil actions "except as otherwise provided", is the governing law. Plaintiff contends that the six year statute governs because his action sounds in contract. The defendants contend that the action sounds in tort, but that, even if it does not, the nature of the injury sustained, rather than the legal theory underlying the claim for relief, determines which statute is applicable. We agree with the defendants, and for the reasons set out *seriatim*, affirm.

The judgment as to the defendant Canney requires little examination. Although plaintiff's brief speaks of the defendants collectively, he does not argue seriously that there was error below in granting judgment for this defendant. Whatever the merits of his argument with respect to a claim based upon strict products liability, assuming without deciding that the complaint below adequately sets forth such a claim, it does not apply to the claimed liability of Canney. The only claim against Canney is that he was negligent in having the plaintiff work on the defective tire that Canney had purchased. This is not a claim based on product liability, but one sounding simply in negligence, resulting in bodily injury. There is, and can be, no serious claim that the three year statute does not apply to this individual defendant.

█ The history of the doctrine of strict product liability in this jurisdiction is reviewed at length in *Zaleskie* v. *Joyce,* 133 Vt. 150, 333 A.2d 110 (1975). It is not necessary to repeat it here. Set forth in Restatement (Second) of Torts § 402A (1965), it imposes upon the seller engaged in the business of selling a product which reaches a user without undergoing substantial change liability for physical harm or property damage to a user or consumer resulting from a defective condition, unreasonably dangerous, in the product sold. Lack of negligence or contractual relationship does not bar the liability.

█ The short answer to plaintiff's first contention, that the liability is contractual in nature, is found in the very lan-

guage of § 402A. If the absence of any contractual relationship between the parties does not bar liability, it is difficult indeed to perceive how the liability can be said to "sound" in contract. Cf. Comment m, § 402A, Restatement (Second) of Torts. With all prior forms of action abolished, and only one "civil action" in this jurisdiction (V.R.C.P. 2), we do not feel it necessary to categorize actions based on strict product liability as either tort or contract. The terminology of the applicable statutes does not require it. But were we required to do so, we would incline to view the type of action here brought, by a person other than the one to whom the product was sold, as tortious in nature.

> Whatever may have been earlier doubt and confusion, the authorities are now in general agreement that strict liability sounds in tort rather than in contract.

*Victorson* v. *Bock Laundry Machine Co.*, 37 N.Y.2d 395, 335 N.E.2d 275, 278, 373 N.Y.S.2d 39 (1975); accord, *Beasley* v. *Fairchild Hiller Corp.*, 401 F.2d 593, 596 (5th Cir. 1968); cf. also 2 L. Frumer & M. Friedman, Products Liability § 16A [5] [g], at 3–368.1 (1976).

The distinction, however, is more important in some jurisdictions than in others, depending upon the wording of the statute of limitations involved. If, as was often the case with early statutes, the distinction is made between actions *ex delicto* and *ex contractu*, then of course the analysis must be made, and the intrinsic nature of the action under these outmoded concepts must be determined.

Such, however, is not the case in this jurisdiction. The statutory history of what is now 12 V.S.A. § 512 convinces us that, since at least 1915, the applicability of that section has been predicated upon the nature of the harm for which recovery is sought and not upon the nature of the action brought. By its terms, it applies to actions for assault and battery, false imprisonment, slander and libel, injury to the person suffered by the act or default of another, and damage to personal property similarly suffered. P.S. § 1558, its predecessor, was amended by Public Act No. 88, § 2, 1915, to refer to "actions for slanderous words and for libels and for the recovery of damages for bodily hurt or injury to personal property." Since that time, it has consistently referred to actions

by enumerating the harm allegedly suffered. This has been the criterion governing the applicability of the statute. Thus, in *Murray* v. *Allen*, 103 Vt. 373, 375, 154 A. 678 (1931), this Court was required to compare G.L. 1849 (the predecessor of 12 V.S.A. § 511), which then gave a six year statute for "actions of tort, except as otherwise provided," with G.L. 1850 (predecessor of § 512), giving a three year statute for actions "for the recovery of damages for bodily hurt." That action was for malpractice, concededly a tort, but the special statute, referring to "bodily hurt" and containing a three year limitation, was held to control the general statute. Similar reasoning compels the result here contended for by the defendants. The recovery sought is for injury to the person, allegedly sustained through the acts or defaults of the defendants Goodyear and Gans in selling a product in a defective condition unreasonably dangerous to the user or consumer. The underlying theory of the doctrine is that the public generally has a right to protection against the business sale of such a product. Where the injury is personal, the statute relating to personal injury actions applies. *Maynard* v. *General Electric Co.*, 486 F.2d 538, 540–41 (4th Cir. 1973). We will look to the substance of the complaint rather than its precise terminology.

> The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal.

*Wood* v. *Lucy, Lady Duff-Gordon*, 222 N.Y. 88, 91, 118 N.E. 214 (1917) (Cardozo, J.). So viewed, the allegation of express warranty is not controlling, because the facts set forth show no contractual relationship whatever between plaintiff and defendants.

*Judgment affirmed.*