**Raymond and Margaret Aube v. Daniel O'Brien, Leo O'Brien, d/b/a O'Brien Brothers and Euclide Quesnel**

[433 A.2d 298]

No. 125-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed June 9, 1981

*Cleveland, Unsworth & Bennett,* Shelburne, for Plaintiffs.

*William H. Quinn* and *James W. Coffrin* of *Pierson, Affolter & Wadhams,* Burlington, for O'Brien.

**Underwood, J.** The plaintiffs' amended complaint included four separate counts: Count I alleged the 1974 sale of fourteen cows, infected with brucellosis, which the defendants expressly and impliedly warranted to be merchantable in quality and fit for use as dairy cattle; Count II alleged strict liability in tort as a result of the defendants' sale of the cattle in a dangerous condition; Count III alleged that the defendants were negligent in selling diseased cattle; Count IV alleged that the defendants, at the time of the sale, fraudulently misrepresented the condition of the cattle. Plaintiffs seek compensatory and punitive damages for the loss of cattle, loss of milk production and general business losses.

Defendants O'Brien moved for summary judgment on all counts on the ground that the plaintiffs were barred by 12 V.S.A. § 512(5), a three-year statute of limitations. The court granted the motion and entered judgment for the defendants O'Brien. The plaintiffs appeal that judgment on the theory that the statute of limitations applicable to Count I, 9A V.S.A. § 2—725(1), is a four-year statute, which, as a result of fraudulent concealment by the defendants, was tolled for a sufficient period to render the action timely. Plaintiffs concede that under either statute of limitations they are barred from proceeding on the causes of action enumerated in Counts II

and III. The allegations in Count IV, although not presented as the basis for an independent cause of action, are urged on appeal in support of the tolling of the statute of limitations relied upon in Count I.

There are three operative dates. The final sale took place in July 1974, brucellosis was discovered in April 1975 and suit was instituted in October 1978. The plaintiffs' cause of action was therefore timely interposed only if the four-year statute of limitations applies *and* a sufficient tolling of that period is established through proof of fraudulent concealment. We hold that the four-year statute applies and that the question of fraudulent concealment is one for the jury. We therefore reverse and remand.

12 V.S.A. § 512 provides in part:

> Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:
>
> . . . .
>
> (4) Except as otherwise provided in this chapter, injuries to the person suffered by the act or default of another person, provided that the cause of action shall be deemed to accrue as of the date of the discovery of the injury;
>
> (5) Damage to personal property suffered by the act or default of another.

The pertinent provisions of 9A V.S.A. § 2—725 are as follows:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.
>
> . . . .
>
> (4) This section does not alter the law on tolling of the statute of limitations . . . .

12 V.S.A. § 555 provides:

> When a person entitled to bring a personal action is prevented from so doing by the fraudulent concealment of the cause of such action by the person against whom it lies, the period prior to the discovery of such cause of action shall be excluded in determining the time limited for the commencement thereof.

12 V.S.A. § 512 is the general statute of limitations covering personal injury, property damage, intentional torts, false imprisonment, libel and slander. Such actions must be commenced within three years of the accrual of the cause of action. 9A V.S.A. § 2—725(1), on the other hand, an integral part of the Uniform Commercial Code, specifically sets out a four-year statute of limitations for the breach of sales contracts.

■■ It is a legislative privilege to enact special statutes of limitations when deemed appropriate. *Glabach* v. *Sardelli*, 132 Vt. 490, 496, 321 A.2d 1, 5 (1974); see, e.g., 12 V.S.A. §§ 501, 504, 506, 508, 512, 513. Furthermore, where there is a conflict between a general statute of limitations and a specific statute of limitations, the latter will prevail. *Glabach*, *supra*, 132 Vt. at 496, 321 A.2d at 5. See also *Lomberg* v. *Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980); *State* v. *O'Connell*, 135 Vt. 182, 184, 375 A.2d 982, 983 (1977).

■ In the Comments to 9A V.S.A. § 2—725(1), the purpose of the section is described in part as follows: "This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice." The result we reach is therefore that which was intended by the Legislature.

■ The plaintiffs' cause of action, falling squarely within the scope of the Uniform Commercial Code, is governed by its four-year statute of limitations. The plaintiffs' claim is for the breach of a contract for the sale of cattle and for the breach of express and implied warranties which emanate from those contracts. It is the classic type of commercial transaction which was envisioned by the Legislature when it adopted Article 2 of the Uniform Commercial Code. There is privity of contract. The contract involved a bonded cattle dealer and a dairy farmer, both "merchants" within the meaning of 9A V.S.A. § 2—104(1). Under 9A V.S.A. §§ 2—714 and 2—715, the types of damages sought by the plaintiffs, with the exception of punitive damages, are all potentially recoverable for such a breach of contract.

The defendants rely heavily upon this Court's ruling in *Kinney* v. *Goodyear Tire & Rubber Co.*, 134 Vt. 571, 367 A.2d 677 (1976), to support their contention that the plaintiffs' cause of action falls within the three-year statute of limitations set forth in 12 V.S.A. § 512(5). In that case, the plaintiff, a mechanic, sued the manufacturer, retailer and purchaser of a tire, for injuries received as a result of its explosion during mounting. The actions against the manufacturer and retailer were based on strict products liability; that against the purchaser on negligence, in having delivered a defective tire to the plaintiff for mounting. The Court held that 12 V.S.A. § 512 governed the claim and that the plaintiff was therefore barred by the three-year statute of limitations.

*Kinney* is readily distinguishable from the case at hand, however, because central to the Court's decision in that case was the absence of contractual privity between the parties. The opinion concluded that "the allegation of express warranty is not controlling, because the facts set forth show no contractual relationship whatever between plaintiff and defendants." *Id.* at 576, 367 A.2d at 680. *Kinney* is therefore not directly on point, but to the extent that it bears on this case at all, it is consistent.

 Whether the plaintiffs can proceed with their claim also depends on whether they can demonstrate that the four-year statute of limitations in 9A V.S.A. § 2—725(1) was tolled by the fraudulent concealment of the defendants. *South Burlington School District* v. *Goodrich*, 135 Vt. 601, 606, 382 A.2d 220, 223 (1977). See also 12 V.S.A. § 555; 9A V.S.A. § 2—725(4). This, however, is a question for the trier of fact. *Merrill* v. *Reville*, 135 Vt. 517, 521, 380 A.2d 96, 99 (1977). It was therefore improper for the court to grant summary judgment, as a matter of law, on this issue alone.

In view of our holding that the four-year statute of limitations is applicable to Count I of the plaintiffs' complaint, the case must be reversed and remanded, and the question of fraudulent concealment, as set out in Count IV, submitted to the jury.

*Reversed and remanded.*