## Melvin J. Stevers v. E. T. & H. K. Ide Co., Inc. v. Eastern Crown, Inc. v. Rockland Chemical Co., Inc.

[527 A.2d 658]

No. 85-545

Present: **Barney, C.J. (Ret.), Keyser, J. (Ret.), Martin, Supr. J., and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed February 27, 1987

*Richard E. Davis* and *Carolyn Tonelli* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff-Appellant.

*Richard A. Axelrod* and *Steven A. Adler* of *Gensburg & Axelrod*, St. Johnsbury, for Defendant-Appellee E. T. & H. K. Ide Co.

*Paul R. Bowles* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant-Appellee Eastern Crown, Inc.

*George A. Holoch, Jr.*, and *Robert R. McKearin* of *Dinse, Erdmann & Clapp*, Burlington, for Defendant-Appellee Rockland Chemical Co.

**Per Curiam.** Plaintiff appeals from a summary judgment dismissing his complaint as untimely under the Vermont statute of limitations. We affirm.

Plaintiff purchased an insecticide from defendant on August 26, 1980, asserting that he did so under the representation that the insecticide was safe for spraying animals. Plaintiff used the

product in his barn and thereafter claimed that it killed one cow and caused damage to others, with resultant losses and expenses. Defendant E. T. & H. K. Ide, Inc. sued the distributor, Eastern Crown, Inc. as a third-party defendant, which in turn joined the manufacturer, Rockland Chemical Company, Inc. as a third-party defendant.

In December, 1980 plaintiff retained counsel and brought an action in the federal district court in Vermont. That case was dismissed by stipulation on July 21, 1981. The present action was brought in December, 1984, some four and one-half years after he purchased, used, and was allegedly damaged by the product. Defendants moved for summary judgment under V.R.C.P. 56, contending that the facts alleged fell within the parameters of 12 V.S.A. § 512(5), which states:

> Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:
>
> . . . .
>
> (5) Damage to personal property suffered by the act or default of another.

Plaintiff, however, asserts that the complaint sounded in fraud and should be governed by the provisions of 12 V.S.A. § 511, which allows a six-year limitations period.

The trial court, relying on *Kinney* v. *Goodyear Tire & Rubber Co.*, 134 Vt. 571, 367 A.2d 677 (1976), correctly concluded that the nature of the harm done is the determining factor in construing the two limitations provisions, rather than the plaintiff's characterization of the action.

The court found that the complaint stated a cause of action for "damage to personal property suffered by the act or default of another" within the meaning of 12 V.S.A. § 512(5). Since there was no genuine issue as to any material fact concerning the passage of the approximately four and one-half years since plaintiff's purchase, it granted summary judgment for defendants.

Plaintiff's efforts to distinguish *Kinney* are unavailing. That case involved 12 V.S.A. § 512(4), rather than § 512(5), but, for limitations purposes, this is a distinction without a difference. There can be no doubt that in substance the complaint asserted damage to personal property and that this claim was absolutely barred by the statute.

*Affirmed.*