**Lawrence BENTLEY, Plaintiff,**

v.

**NORTHSHORE DEVELOPMENT, INC., John Varsames, Denise Whittier, Executrix of the Estate of Roderick Whittier, and Phillip C. Linton, Defendants.**

No. 2:95–CV–235.

United States District Court,
D. Vermont.

Aug. 2, 1996.

---

Michael Bradley Clapp, Affolter, Clapp & Gannon, Burlington, VT, for Lawrence Bentley.

Matthew Timothy Daly, McNeil, Leddy & Sheahan, P.C., Burlington, VT, David A. Barra, Hill, Unsworth, Barra, Bowles & Myers, Essex Junction, VT, for John Varsames.

Ellen Mercer Fallon, Langrock, Sperry & Wool, Middlebury, VT, David A. Barra, Hill, Unsworth, Barra, Bowles & Myers, Essex Junction, VT, for Denise Whittier.

Robert A. Mello, The Law Office of Robert A. Mello, South Burlington, VT, for Phillip C. Linton.

David A. Barra, Hill, Unsworth, Barra, Bowles & Myers, Essex Junction, VT, for Northshore Development, Inc.

### OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff Lawrence Bentley ("Bentley") has filed this malicious prosecution action against Defendants Northshore Development, Inc. ("Northshore"), John Varsames ("Varsames"), Denise Whittier as Executrix of the Estate of Roderick Whittier ("Whittier"), and Phillip Linton ("Linton") based on diversity of citizenship. The matter before the Court is Defendants Varsames's and Whittier's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Defendants argue that the three year statute of limitations period applies to this cause of action while Plaintiff contends that the six year statute of limitations applies. In addition, Defendants argue that they are not the proper parties for this malicious prosecution lawsuit.

### BACKGROUND

Bentley is a resident of Connecticut who entered into an agreement with Northshore in September, 1985 to provide engineering services to assess the feasibility and design of a proposed marina site. Northshore is a Vermont corporation with its principal place

of business in Vermont. At the time the contract was entered into with Bentley, John Varsames and Roderick Whittier[1] were the controlling shareholders of Northshore and Phillip Linton was the attorney of record.

A dispute arose between Bentley and Northshore with respect to the contract whereupon Bentley requested arbitration. He also brought suit in this Court for the purpose of obtaining security and other preliminary relief with respect to a potential arbitrator's award. Northshore, represented by Linton, filed a counterclaim alleging negligent misrepresentation, negligence, and breach of contract. The arbitration process resulted in an award in favor of Bentley, which was confirmed by this Court.

A jury trial was held on Northshore's counterclaim. After hearing the evidence provided by Northshore, the Court entered a directed verdict in favor of Bentley on June 4, 1992. In August, 1995 Bentley filed a malicious prosecution claim against Northshore, Varsames, Whittier and Linton. Bentley claims that his "rights were violated" and seeks actual and punitive damages. (Compl. ¶ 13).

In filing their Motion to Dismiss, Varsames and Whittier assert that the malicious prosecution claim falls within 12 V.S.A. § 512 which limits the time for filing suit to within three years from when the cause of action accrued. Because the malicious prosecution claim was initiated three years and two months after the Court entered a judgment for Bentley, the limitations period ran before the action was commenced and, thus, it should be dismissed. Varsames and Whittier also argue that they are not the proper parties for a malicious prosecution claim because they were not the parties that brought the counterclaim against Bentley.

Bentley, on the other hand, maintains that 12 V.S.A. § 511 with a six year statute of limitations period is applicable. He argues that because this action does not involve "injury to the person," 12 V.S.A. § 511 is the appropriate statute. Finally, he contends that Varsames and Whittier, as the control-

ling principals of Northshore at the time of the incident, are the proper parties for a malicious prosecution action based on the Restatement (Second) of Torts § 674.

### DISCUSSION

A federal court sitting in diversity must apply the substantive law of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a complaint must be read with "great generosity." *Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 558 (2d Cir.1985) (citing *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957)). Taking plaintiff's allegations as true, the Court must construe the complaint in the light most favorable to the plaintiff, and must draw all inferences in the plaintiff's favor. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *Yoder,* 751 F.2d at 562. The complaint must not be dismissed "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir. 1985) (quoting *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–102).

### A. Statute of Limitations

The Vermont statute of limitations period is set forth at 12 V.S.A. §§ 511 and 512. *Fitzgerald v. Congleton,* 155 Vt. 283, 287, 583 A.2d 595 (1990). 12 V.S.A. § 512 states:

> Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after: (1) Assault and battery; (2) False imprisonment; (3) Slander and libel; (4) Except as otherwise provided in this chapter, injuries to the person suffered by the act or default of another person, ...; (5) Damage to

---

1. Denise Whittier as the Executrix of the Estate of Roderick Whittier is the named Defendant in the case before this Court.

personal property suffered by the act or default or another.

12 V.S.A. § 511 states:

> A civil action, except one brought upon the judgment or decree of a court of record of the United States or of this or some other state, except as otherwise provided, shall be commenced within six years after the cause of action accrues and not hereafter.

Because neither statute explicitly addresses malicious prosecution and the Vermont Supreme Court has yet to decide the issue, this Court must determine whether Bentley's harm is more appropriately characterized as "injuries to the person" within § 512(4) or as a "civil action" under § 511.

■ It is well-settled that a determination of the appropriate limitations period depends upon the nature of the harm for which recovery is sought and not upon the nature of the action brought. *Kinney v. Goodyear Tire & Rubber Co.*, 134 Vt. 571, 575, 367 A.2d 677 (1976). In *Kinney*, the plaintiff claimed personal injuries caused by the bursting of a new tire while he was mounting it. The plaintiff contended that the six year statute of limitations applied because his claim was based on a contract claim and not a tort action. The defendants asserted that because the plaintiff suffered personal injuries, the action sounded in tort and properly fell within the scope of § 512. The Vermont Supreme Court held that the nature of the harm suffered determined which statute applied. Because the recovery sought was for injury to the person, the language of § 512 was implicated and a three year limitations period was applicable. *Id.* at 576, 367 A.2d 677.

Again, in *Alpstetten Ass'n, Inc. v. Kelly*, 137 Vt. 508, 512–13, 408 A.2d 644 (1979), the court reiterated that the "nature of the injury sustained, rather than the legal theory underlying the claim for relief, determines which statute is applicable." *Id.* at 512, 408 A.2d 644 (quoting *Kinney*, 134 Vt. at 574, 367 A.2d 677). The plaintiff owned a water system which supplied water to a vacation home complex owned by the defendant. The plaintiff sued the defendant for water assessments allegedly owed to the plaintiff. The defen-

dant counterclaimed that the plaintiff had wrongfully disrupted the water supply to the complex, causing him inconvenience and embarrassment and otherwise impairing his reputation. The cause of action set forth in the counterclaim accrued three years and eleven months prior to the filing of the suit. The plaintiff asserted that the three year statute of limitations applied because the counterclaim alleged "injuries to the person." The court held that the counterclaim did not involve "injury to the person" within the meaning of 12 V.S.A. § 512(4), rather the alleged tortious act resulted in interference with the use and enjoyment of the defendant's property. The phrase "injury to the person" has "consistently been applied in its legal sense to cover situations involving bodily hurt, and not to cover all actions that allege harm that is somehow personal to the plaintiff." *Id.* Accordingly, the court applied the six year statute of limitations period.

Finally, the Vermont Supreme Court has held that claims for economic losses do not constitute personal injuries within § 512(4). *Fitzgerald*, 155 Vt. at 293, 583 A.2d 595. In *Fitzgerald*, the plaintiff brought a claim against her attorney for legal malpractice, seeking both compensatory and punitive damages for emotional distress, personal humiliation and lost custody of her son. The plaintiff argued that her injuries were "largely intangible," rather than physical, and that loss of the legal custody of her son amounted to deprivation of her legal rights. *Id.* at 289, 583 A.2d 595. Noting that some of the plaintiff's injuries were personal and others were not, the court held that economic losses incurred for securing the return of her son, including expenses for attorney's fees, were not personal injuries and applied § 511 with a six year statute of limitations. *Id.* at 293, 583 A.2d 595.

In deciding the appropriate limitations period for the instant matter, the Court must look to the nature of the injury for which damages are sought. Bentley alleges that the Defendants "violated his rights" when initiating the counterclaim against him for

negligent misrepresentation, negligence and breach of contract. He seeks only costs for the defense of the counterclaim, as opposed to alleging any emotional or physical harm.[2] Because the alleged harm centers on an interference with Bentley's rights as they relate to economic losses, and not personal injuries, *see id.*, the claim falls within 12 V.S.A. § 511. Hence, the malicious prosecution action is not time barred and Defendants' Motion to Dismiss on this ground is denied.

### B. *Proper Parties*

▇▇▇ To recover for malicious prosecution under Vermont law, the plaintiff must make a preliminary showing of four factors: (1) the defendant initiated a proceeding against him without probable cause, (2) the defendant acted with malice, (3) the proceeding terminated in the plaintiff's favor, *Chittenden Trust Co. v. Marshall*, 146 Vt. 543, 549, 507 A.2d 965 (1986) (citing *Anello v. Vinci*, 142 Vt. 583, 586–87, 458 A.2d 1117 (1983); Restatement (Second) of Torts § 674 (1977)), and (4) the plaintiff incurred damages as a result of the defendant's prior proceedings. *Condosta v. Grussing*, 144 Vt. 454, 458, 479 A.2d 149 (1984). The second issue before this Court is whether Varsames and Whittier, as controlling shareholders of Northshore, are proper parties for this malicious prosecution claim.[3]

Vermont follows the Restatement (Second) of Torts for malicious prosecution actions. *Chittenden Trust Co. v. Marshall*, 146 Vt. 543, 549, 507 A.2d 965 (1986); *Anello v. Vinci*, 142 Vt. 583, 586–87, 458 A.2d 1117 (1983). Regarding proper parties, the Restatement § 674 states: "One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings . . . ." The Restatement defines the meaning of "initiation of proceedings" as:

[T]he person who sets the machinery of the law in motion, whether he acts in his own name or in that of a third person, or whether the proceedings are brought to enforce a claim of his own or that of a third person. . . . [Also] one who files a counterclaim to a cause of action initiates a civil proceeding.

Restatement (Second) of Torts § 674 cmt. a, (1976). Finally, the Restatement explains the "procurement of civil proceedings" as: "[O]ne who procures the initiation of civil proceedings is liable under the same conditions as the one who initiates them." *Id.* Based upon § 674, if the counterclaim arose at the behest or initiation of the principals of the corporation, the principals would be the proper parties to a malicious prosecution suit. The Restatement clearly provides that the defendants need not be the parties who actually brought the counterclaim. Restatement (Second) § 674.

In applying the Restatement to the instant case, the Court must construe the complaint in the light most favorable to the Plaintiff, and must draw all inferences in his favor. Bentley alleges that Northshore acted "at the behest" of Varsames and Whittier, Northshore's controlling shareholders. Because Bentley contends that Varsames's and Whittier's request precipitated the institution of the underlying counterclaim, he satisfies the requirements of the Restatement. Accordingly, the Court finds that, at this stage of the proceedings, Varsames and Whittier are proper parties to this action.

---

**2.** Bentley seeks both punitive and actual damages. The Court notes punitive damages generally are not available against the representatives of a deceased tortfeasor. Restatement (Second) of Torts § 908 cmt. a (1979). However, because this issue has not been raised by the parties, the Court need not address it.

**3.** Defendants have made a cursory argument that allowing this case to proceed against them necessitates piercing the corporate veil. The Court notes that piercing the corporate veil is not implicated in the instant matter. Rather, the general rule is that corporate officers are liable for the torts in which they have individually participated, *Lyon v. Bennington College Corp.*, 137 Vt. 135, 138–39, 400 A.2d 1010 (1979), (citing to *New England Acceptance Corp. v. Nichols*, 110 Vt. 478, 488, 8 A.2d 665 (1939)), including malicious prosecution. *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1411 (Fed.Cir.1996).

*CONCLUSION*

For the reasons set forth above, the Court hereby DENIES the Defendants' Motion to Dismiss.