NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 20

No. 2020-173

| | |
|---|---|
| Johnathan J. Billewicz, et al. | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Civil Division |
| | |
| Town of Fair Haven | December Term, 2020 |

Robert A. Mello, J.

Daniel R. Long and David M. Pocius of Paul Frank + Collins P.C., Burlington, for
  Plaintiffs-Appellants.

James F. Carroll and Kevin L. Kite of Carroll, Boe & Pell, P.C., Middlebury, for
  Defendant-Appellee.

PRESENT:  Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Pearson, Supr. J. (Ret.),
              Specially Assigned


¶ 1.    **EATON, J.**   Plaintiffs Johnathan J. Billewicz, Michael W. Billewicz, J and M Investment Trust, and Lillian E. Billewicz appeal from the trial court's grant of summary judgment to defendant Town of Fair Haven.  Below, plaintiffs sought damages and a declaratory judgment that deeds purporting to convey their properties to the Town following a tax sale are void.  The court found their action was foreclosed by the one-year statute of limitations at 32 V.S.A. § 5294(4) for claims challenging the validity of a tax collector's acts.  Plaintiffs argue that this was error because their claims are instead subject to the three-year statute of limitations for actions for the recovery of land sold at a tax sale under 32 V.S.A. § 5263.  We affirm.

¶ 2.    The relevant facts are undisputed for purposes of summary judgment.  At issue in this case are four properties located in the Town of Fair Haven.  In 2011, 2012, and 2013, the Town treasurer notified the Town collector of delinquent taxes that the plaintiffs—then the owners of the subject properties—owed various outstanding tax, water, and sewer charges associated therewith, and issued warrants commanding the tax collector to levy and collect the monies owed.

¶ 3.    In 2013, the Town's tax collector, then Herbert Durfee III, sent notices to plaintiffs advising them that outstanding taxes were due with respect to each of the four properties and that tax-sale procedures would be commenced if they remained unpaid.  Plaintiffs did not pay the taxes owed.  Therefore, on November 26, 2013, Durfee mailed plaintiffs a notification indicating that the properties would be sold at a tax sale if the delinquent amounts were not paid before December 15, 2013. Two days before this deadline, plaintiffs entered into agreements with the Town wherein they promised to pay the taxes in installments.  That same day, they furnished the Town with a check for $1500 which was to satisfy the first of these installments.  The check was returned for insufficient funds.  On December 30, Durfee sent plaintiffs letters advising that the check had been returned for insufficient funds and the four properties had therefore been forwarded to the Town's attorney for tax sale.

¶ 4.    On February 5, 10, and 11, 2014, Durfee delivered copies of the notices of tax sale, warrants, tax bills, levies, and descriptions of the four properties to the Fair Haven Town Clerk; the documents were duly recorded in the Town's land records.  On the same three dates, Durfee sent plaintiffs corresponding notices indicating that the four properties would be sold at a tax sale on March 18, 2014.  Durfee published advertisements of the pending sale for three successive weeks in a newspaper of general circulation in the county and posted notices of the sale in the town hall.

¶ 5.     Plaintiffs did not pay the delinquent taxes before the appointed time on March 18 and the sale proceeded.  Plaintiffs did not attend.  The Town was the only—and therefore, the winning—bidder for all four properties.

¶ 6.     During the one-year period following the sale, plaintiffs did not exercise their statutory right of redemption.  Accordingly, on April 1, 2015, Durfee executed four tax collector's deeds transferring the properties to the Town.  The deeds were recorded in the Town land records.  However, the reports of sale regarding all four properties were not recorded in the Fair Haven Town Clerk's office until November 30, 2017.

¶ 7.     Plaintiffs do not dispute that the taxes were both validly assessed and delinquent as to all four properties, the resulting written notices of tax sale were sufficient and timely, and the tax sale was properly conducted.  The only respect in which they allege the procedure followed by the Town deviated from the statutory requirements was that the reports of sale were not recorded within the thirty days of the tax sale as required under 32 V.S.A. § 5255.

¶ 8.     Plaintiffs, proceeding pro se, filed the instant action on March 22, 2018.  Therein, they asserted claims of quiet title, trespass to real property and to chattel, invasion of privacy, and conversion.  Each claim was predicated on the theory that the tax deeds conveying the properties to the Town were void because the tax collector did not record the reports of sale within the thirty-day period following the tax sale.

¶ 9.     The Town moved for summary judgment, arguing, inter alia, that plaintiffs' claims were barred by the one-year statute of limitations applicable to actions questioning the validity of acts of a tax collector at 32 V.S.A. § 5294(4).  Plaintiffs filed a cross-motion for summary judgment, arguing in relevant part that because their claim was one for the recovery of lands, it was instead subject to the more generous three-year limitations period of 32 V.S.A. § 5263.

¶ 10.    The trial court found that there was no material dispute of fact and concluded that the Town was entitled to summary judgment as a matter of law because the plaintiffs' challenge

3

to the tax collector's deeds was subject to § 5294's one-year limitation and therefore time-barred. In reaching this conclusion, the court characterized plaintiffs' action as a taxpayer suit challenging an act related to the collection of a tax and concluded that it therefore fell within the purview of § 5294. It noted that this result was consistent with Turner v. Spera, in which the Court applied § 5294 to a taxpayer's suit seeking to void a tax collector's deed on grounds of defective notice. 140 Vt. 19, 433 A.2d 307 (1981). And, drawing guidance from a federal bankruptcy case, In re Brentwood Corporation, the court reasoned that the three-year limitation at § 5263 applied only to persons other than taxpayers wishing to challenge a tax deed—for example, a mortgage-holder or other person claiming title under the taxpayer. See 157 B.R. 83 (Bankr. D. Vt. 1993).

¶ 11. Plaintiffs filed a motion to alter or amend the summary-judgment ruling, arguing that the court erred in concluding their claim was barred by the statute of limitations. The trial court denied the motion, explaining that both the plain language of the statute and Turner dictated the result. Plaintiffs, now represented by counsel, appealed.

¶ 12. The sole question before us is whether the trial court erred in granting summary judgment to the Town on the ground that plaintiffs' action was time-barred by the one-year statute of limitations at § 5294(4). Plaintiffs argue that: (1) the plain language of § 5294(4) and § 5263 instead require application of the latter provision to this suit; (2) the trial court erred in concluding that the distinction between the two statutes of limitations is whether a taxpayer or a third party brings the action; (3) the trial court erred in concluding that Turner dictated the outcome; and (4) even if the plain language of these statutes is ambiguous, principles of statutory construction weigh in favor of applying § 5263 to this action.

¶ 13. "We review motions for summary judgment de novo, applying the same standard of review as the trial court." In re All Metals Recycling, Inc., 2014 VT 101, ¶ 6, 197 Vt. 481, 107 A.3d 895. Thereunder, summary judgment is granted if the moving party shows that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. V.R.C.P.

4

56(a). The parties agree that there is no material factual dispute here; rather, the sole question on appeal is a legal one: whether the trial court was correct in concluding that plaintiffs' claim is subject to § 5294(4), and thus time-barred, rather than subject to § 5263, and therefore timely filed. See Earle v. State, 170 Vt. 183, 185, 743 A.2d 1101, 1102 (1999) ("The question of which statute of limitations applies to [a] claim is one of law.").

¶ 14. "When interpreting statutory provisions, we begin with the plain language of the statute, and, if possible, resolve any questions on this basis alone." Clark v. DiStefano, 2018 VT 82, ¶ 8, 208 Vt. 139, 195 A.3d 379 (considering which of two statutes of limitation apply to an action). In interpreting statutes, our goal is to effectuate the intent of the Legislature. In re 204 N. Ave. NOV, 2019 VT 52, ¶ 5, 210 Vt. 572, 218 A.3d 24. If the statutory language is clear and unambiguous, we will enforce it according to its terms as an expression of that intent. Id. Only where the language creates uncertainty will we resort to canons of statutory construction to ascertain the underlying legislative intent. Shires Hous., Inc. v. Brown, 2017 VT 60, ¶ 9, 205 Vt. 186, 172 A.3d 1215.

¶ 15. Accordingly, our inquiry begins with the language of the statutory provisions at issue. Each of plaintiffs' claims for damages and the recovery of the subject properties turns on the argument that Durfee did not satisfy the requirements of 32 V.S.A. § 5255. Under that provision, within the thirty days following a tax sale, the tax collector "shall make a complete return of his or her doings and file the same for record in the town clerk's office of the town wherein such land lies." 32 V.S.A. § 5255. The parties disagree over the ultimate legal significance of this omission, but the Town does not dispute that the procedure followed here fell short of the statute's requirements—although it points out that the omission was apparent in the Fair Haven Land Records on the thirty-first day following the tax sale, and therefore nothing precluded plaintiffs taking notice and challenging the tax collector's acts within a year of the dates of levy.

¶ 16.    We consider first the language of the one-year statute of limitations found applicable below.  Under 32 V.S.A. § 5294(4),

> Unless commenced within one year from the time that collection is sought to be enforced against the taxpayer by arrest, distraint or levy, an action shall not lie wherein a taxpayer may question the validity of . . . [a]cts of the tax collector relating to the collection of the tax either before or after the tax became delinquent.

As used here, "collection of a tax" is defined broadly to encompass

> all acts required by law to be done or permitted by law to be done in respect to such tax, by either the town treasurer or the town tax collector, from the time specified . . . as marking the end of the assessment of the tax, up to and including the last act required or permitted by law to be done by the town tax collector in the enforcement of the collection of the tax.

Id. § 5251(2).  The statute goes on to provide that, "[f]or the purpose of determining when the statutory period of one year has begun to run," where "collection is sought to be enforced by sale of real estate," the claim must be filed "within one year from the date of the levy thereon by the tax collector."  Id. § 5295(3).  Here, the properties were levied on February 5, 10, and 11, 2014.  If this provision governs, the statute of limitations on plaintiffs' action expired long before plaintiffs brought their suit in March 2018.

¶ 17.    Meanwhile, at all times relevant to this appeal,[1] 32 V.S.A. § 5263 provided:

> An action for the recovery of lands, or the possession thereof, shall not be maintained against the grantee of such lands in a tax collector's deed, duly recorded, or his or her heirs or assigns, when the grantee, his or her heirs or assigns have been in continuous and open possession of the land conveyed in such deed and have paid the taxes thereon, unless commenced within three years after the cause of action first accrues to the plaintiff or those under whom he or she claims.

---

[1]  Section 5263 has since been amended to replace the three-year limitation with a one-year limitation, but the parties agree that if § 5263 applies to this case, it is the pre-amendment version which governs.  2017, No. 117 (Adj. Sess.), § 2 (effective July 1, 2018) (replacing words "three years" with "one year.").  Thus, where we refer to § 5263 herein, we reference the three-year limitation period predating the amendment.

Should this provision control, plaintiffs' action was timely filed.[2]

¶ 18. We first observe that neither provision's plain language supports the trial court's conclusion that the distinction between the two statutes is contingent on whether a taxpayer or a party claiming under the taxpayer brings the action. Although the federal bankruptcy court for the District of Vermont so held in 1993, this construction is at odds with the language of the statute. See In re Brentwood Corp., 157 B.R. 83. In Brentwood, the bankruptcy court considered a mortgagee-bank's argument that a tax sale of the mortgagor's property was void ab initio because the tax collector failed to extend a warrant against the property, file a copy of that warrant with the town clerk, or record the sale within thirty days, all as required by statute. Id. at 85. With scant analysis, it concluded that the three-year limitations period at § 5263 applies exclusively to plaintiffs—such as the mortgagee-bank in that case—who claim under a taxpayer, while the one-year limitations period at § 5294(4) applies only to direct actions by a taxpayer. Id. at 87. The trial court here cited this reasoning as support for its conclusion that plaintiffs' action was time-barred.

¶ 19. However, the two statutes plainly do not create two separate and exclusive plaintiff-classes subject to differing limitations periods. Although § 5294(4) applies only to claims by a taxpayer, the language of § 5263, which refers in the disjunctive to the "plaintiff or those under whom he or she claims," clearly encompasses both claims by taxpayers and those claiming under a taxpayer. 32 V.S.A. § 5263 (emphasis added). We explicitly contemplated this in Bogie v. Town of Barnet, where we explained that a taxpayer whose property has been purchased by the

---

[2] Because a claim subject to § 5263 is one "maintained against the grantee of . . . lands in a tax collector's deed," it can accrue no earlier than the issuance of such deed following the expiration of the redemption period. See 32 V.S.A. § 5261 ("When the time for redemption has passed and the land is not redeemed, the collector . . . shall execute to the purchaser a deed, which shall convey to him or her a title against the person for whose tax it was sold . . . ."); see also Benson v. MVP Health Plan, Inc., 2009 VT 57, ¶ 5, 186 Vt. 97, 978 A.2d 33 ("A cause of action does not accrue until each element of the cause of action exists."). Thus, if subject to § 5263, this cause of action would have accrued upon issuance of the deeds to the Town on April 1, 2015, and an action brought in March 2018 would fall within the then-existing three-year limitation period.

7

town at a tax sale has the option to "pursue one of several remedies." 129 Vt. 46, 53, 270 A.2d 898, 901 (1970) (on reargument).

> He could exercise his redemption rights under 32 V.S.A. § 5260. This must be done within one year. He could also challenge as invalid acts relating to the collection of the tax, within the one[-]year limitation of 32 V.S.A. § 5294. <u>Or he could, as was done here, sue the town as purchaser and grantee under the tax collector's deed, and its assigns, for recovery of his lands. This right of action is subject to a three[-]year limitation.</u> 32 V.S.A. § 5263. A showing of invalidity in the sale is a prerequisite to recovery.

<u>Id</u>. at 53, 270 A.2d at 901-02 (emphasis added). And while a showing of invalidity in the sale is a prerequisite to a taxpayer's recovery under § 5263, that showing need not necessarily be predicated upon one of the four categories of challenges subject to 32 V.S.A. § 5294(4) (covering, in addition to challenges to validity of tax collector's acts, challenges to treasurer's tax assessment, notice to taxpayer, or acts in turning over unpaid portion of tax bill and annexed warrant to tax collector). Therefore, not all taxpayer challenges to the validity of a tax sale will fall within § 5294 where the town becomes purchaser and grantee under the tax collector's deed. But although it is thus clear that plaintiffs are not categorically excluded from bringing a claim which would be subject to § 5263's then-existing three-year statute of limitations, the court was correct in its ultimate conclusion that this was not such a claim. Therefore, for the reasons set forth below, we affirm. <u>Hudson v. Town of E. Montpelier</u>, 161 Vt. 168, 170, 638 A.2d 561, 563 (1993) ("[W]e need not adopt the court's rationale in affirming its conclusion.").

¶ 20. Plaintiffs are right in arguing that they have filed an action for the recovery of lands against the grantee of those lands in a tax collector's deed, which could implicate the three-year statute of limitations of § 5263. But the Town is likewise correct in its observation that this is an action in which taxpayers "question the validity of . . . [a]cts of the tax collector relating to the collection of the tax," implicating § 5294(4)'s one-year statute of limitations. 32 V.S.A. § 5294(4). Although plaintiffs argue that post-sale actions such as filing a report in the town records do not constitute acts required "in the enforcement of the collection of the tax," <u>id</u>. § 5251(2), nothing in

8

the statute supports such a narrow reading. The provision encompasses "all acts required by law to be done" in respect to the collection of a tax, from the end of the assessment of the tax "up to and including the last act required or permitted by law to be done by the town tax collector in the enforcement of the collection of the tax." Id. Plaintiffs themselves argue that the "enforcement of the collection of the tax" here was ineffective because Durfee failed to make a record of the tax sale in the Town clerk's office within thirty days of the tax sale as "required by law." See id. The ultimate disposition of plaintiffs' legal claims thus depends on their ability to show that Durfee failed to perform an act required by law, rendering the enforcement of the collection of the tax invalid. The plaintiffs are questioning the validity of an act of the tax collector in failing to comply with 32 V.S.A. § 5255. In relying on the failure of the tax collector to perform a required act to support their claim, plaintiffs cannot successfully simultaneously contend the alleged omission falls outside the ambit of § 5294(4), the statute of limitations specifically applicable to such claims.

¶ 21. Plaintiffs also argue that the use of the phrase "sought to be enforced" in § 5295(3) should be interpreted to restrict the application of § 5294(4) to conduct prior to the tax sale. See id. § 5294(4) (providing that action questioning validity of acts of tax collector shall not lie "[u]nless commenced within one year from the time that collection is sought to be enforced against the taxpayer by arrest, distraint or levy"). They contend that, had the Legislature intended this language to include challenges to the sale or to post-sale conduct, the statute would read "if the collection is or was enforced." We do not find this argument compelling. As the trial court noted, this argument is at odds with § 5251(2)'s corresponding comprehensive definition of "collection of a tax" to include all acts required or permitted by law. These acts include recording the report of sale and issuing tax deeds, both of which necessarily postdate the tax sale. Id. §§ 5252-5255, 5261. The verb tense employed cannot overthrow this clear expression of a legislative intent that challenges to all conduct related to the collection of tax—and not just pre-sale conduct—be encompassed by § 5294(4). Indeed, the Legislature's use of "sought to be enforced" may simply

9

reflect the uncertain nature of that enforcement where a taxpayer challenge is contemplated. As the Town points out, plaintiffs' argument places more weight on the phrase "sought to be enforced" than it can bear.

¶ 22. It remains, then, to resolve the ambiguity created by the fact that, read individually, the plain language of both the one- and three-year statutes of limitations appear to apply to this action. "In construing statutes to give effect to legislative intent, we seek to harmonize statutes and not find conflict if possible." Athens Sch. Dist. v. Vt. State Bd. of Educ., 2020 VT 52, ¶ 30, __ Vt. __, 237 A.3d 671 (quotation omitted). "Longstanding rules of statutory construction counsel that a specific statute dealing with the same subject matter governs over a more general one" and that the two provisions "must be read together and harmonized if possible to give effect to a consistent legislative policy." In re Snyder Grp., Inc., 2020 VT 15, ¶ 14, __ Vt. __, 233 A.3d 1077 (alteration omitted) (quotations omitted). Thus, "where there is a conflict between a general statute of limitations and a specific statute of limitations, the latter will prevail." Aube v. O'Brien, 140 Vt. 1, 4, 433 A.2d 298, 299 (1981).

¶ 23. Here, § 5263 covers all actions for the recovery of land filed against the grantee of those lands in a tax collector's deed. But, as explained supra, ¶ 19, the statutes are harmonized by the conclusion that § 5294 creates a carve-out for situations in which the asserted basis for recovery of land is invalidity of the actions of the tax collector relating to the collection of the tax. See Our Lady of Ephesus House of Prayer, Inc. v. Town of Jamaica, 2005 VT 16, ¶ 16, 178 Vt. 35, 869 A.2d 145 ("Where two statutes cover the same subject and one is more specific than the other, we harmonize them by giving effect to the more specific provision according to its terms." (alteration omitted) (quotation omitted)). Indeed, this was explained in Bogie v. Town of Barnet, where we concluded that

> since the issue on which this matter turns is not a question of the
> validity of the assessment of the tax or the procedural steps looking
> to the collection of the delinquency by the tax collector, the time

limitation provision of 32 V.S.A. Sections 5294 and 5295 do not apply and this action is not thereby barred.

129 Vt. at 49, 270 A.2d at 900-01. The inverse result lies here: because the issue on which this matter turns is a challenge to the tax collector's procedural steps in collecting the tax, §§ 5294 and 5295 do apply, and this action is thereby barred.

¶ 24. The trial court was also correct in concluding that our holding in Turner v. Spera mandates this result. See 140 Vt. 19, 433 A.2d 307. In that case, we concluded that a taxpayer suit seeking to void a tax collector's deed on grounds that the tax collector failed to publish notice of the tax sale as required under 32 V.S.A. § 5252(a)(2) was barred under § 5294(4)'s one-year limitation period because he commenced his action more than a year after the levy. Id. at 21, 433 A.2d at 307-08. Just so here: plaintiffs' suit seeking to void the tax collector's deeds on grounds that he failed to record a report of his doings as required by § 5255 is barred under § 5294(4)'s one-year limitation period because they commenced their action more than a year after the levy. Plaintiffs' efforts to differentiate Turner on the grounds that it involved a pre-sale defect are unavailing because, as explained supra, ¶ 21, § 5294(4) countenances no such distinction. Nor do we find compelling plaintiffs' argument that Turner is distinguished because there we held § 5294(4) applicable without considering the possible applicability of § 5263. Turner stands for the proposition that § 5294 applies to challenges to a tax collector's procedural acts; the absence of any mention of § 5263 could suggest that the issue was not raised, but does nothing to undercut the case's holding.

¶ 25. Plaintiffs also point out that § 5263 is located in Article 5 of the Delinquent Taxes subchapter, pertaining to tax sales and the deeds resulting therefrom, while § 5294(4) is located in Article 6, pertaining to taxpayer defenses. They argue that their lawsuit is not a challenge to the sale itself, but to the validity of the deeds issued pursuant thereto, and therefore appropriately subject to the chapter governing taxpayer defenses. But the locations of the provisions at issue do not alter our reading of the statutes. As we explained in Bogie, "[a] showing of invalidity in the

11

sale is a prerequisite to recovery" under § 5263. 129 Vt. at 53, 270 A.2d 901-02. Therefore, an action for the recovery of land brought against a town as grantee will always involve a challenge to the sale itself. Nonetheless, it will be subject to § 5294(4) if the asserted invalidity of the sale is predicated on the procedural act of a tax collector.

¶ 26.     Finally, plaintiffs contend that construing § 5294 to encompass their claim would produce absurd or illogical results. See Rhodes v. Town of Georgia, 166 Vt. 153, 158, 688 A.2d 1309, 1311 (1997) (observing that "statutes should not be construed to produce absurd or illogical consequences"). They point out that if suits challenging the validity of a tax deed are subject to a one-year limitation period, and that period begins to run from the date of the tax collector's levy, then claims challenging the validity of a tax deed must be made before the deed issues. 32 V.S.A. §§ 5294(4), 5295(3). As they note, this is so because, due to requirements for advertising the sale, the levy must issue at least thirty-one days before the sale, and the deed does not issue until the redemption period expires one year after the sale. 32 V.S.A. §§ 5252(a)(2), 5260-61.

¶ 27.     The doctrine relied upon by plaintiffs, however, "merely permits an otherwise reasonable construction when a plain reading of the statute would produce a result demonstrably at odds with any conceivable legislative purpose." Judicial Watch, Inc. v. State, 2005 VT 108, ¶ 16, 179 Vt. 214, 892 A.2d 191 (quotation omitted). Assigning this claim, as plaintiffs request, to the three-year statute of limitations at § 5263 would do nothing to ameliorate the issue they identify. It would only serve to create an arbitrary class of people who could bring a challenge where others similarly situated could not, based solely on the fortuity of the town being the winning bidder at the tax sale. And ultimately, the issue highlighted by plaintiffs arises not from the inconsistent length of the limitation periods of § 5263 and § 5294 prior to the former's amendment, but from the Legislature's decision to fix the beginning of the one-year statute of limitations at the date of levy, which occurs more than a year before the issuance of the deed. 32 V.S.A. § 5295(3). Although this may present a problem in some cases whereby the statute of limitations could run

12

before certain actions giving rise to a claim occurred, that is not this case. The failure to timely record the report of sale here did not prejudice plaintiffs. Plaintiffs speculate about harm which could occur in other cases, but the fact remains that the information necessary to support their claims was present in the Fair Haven Town Records on the thirty-first day following the sale.

¶ 28. We are cognizant that "[s]tatutory time limits reflect legislative judgments concerning the relative values of repose on the one hand, and vindication of both public and private legal rights on the other." Vt. Human Rights Com'n v. State, Agency of Transp., 2012 VT 88, ¶ 14, 192 Vt. 552, 60 A.3d 702 (quotation omitted) ("Limiting the amount of time in which an action can be brought is a long-standing legislative prerogative."). Although the canon of construction which counsels in favor of avoiding absurd or illogical results serves as a useful interpretive tool in some circumstances, we have cautioned that it "should be used sparingly" and with care to avoid "substitut[ing] this Court's policy judgments for those of the Legislature." Judicial Watch, Inc., 2005 VT 108, ¶ 16 (quotation omitted). A statute "is not absurd simply because it causes an outcome that a . . . litigant believes to be 'anomalous or perhaps unwise.' " Weitz v. Weitz, 2019 VT 35, ¶ 20, 210 Vt. 248, 213 A.3d 1102 (quoting Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705-06 (2d Cir. 2019)).

¶ 29. It is reasonable to conclude that the limitations periods at issue represent a considered legislative value judgment about the importance of finality in these circumstances; therefore, we do not consider the result to be absurd here, where plaintiffs were on ample notice of the omission giving rise to their claim before the limitations period expired. See Gibbons, 919 F.3d at 705-06 (explaining that courts should employ canon against absurdity "only where the result of applying the plain language would be, in a genuine sense, absurd, i.e., where it is quite impossible that [the Legislature] could have intended the result and where the alleged absurdity is so clear as to be obvious to most anyone" (quotation omitted)). The Legislature may wish to

examine the issue identified by plaintiffs, but—where there is a clear path to harmonize § 5263 and § 5294 without doing violence to the statutory scheme—it is not for us to do so.

¶ 30.    The trial court correctly granted summary judgment in favor of the Town because the applicable one-year limitation period of § 5294 had run before plaintiffs filed their action.

Affirmed.

FOR THE COURT:

_____
Associate Justice

14