VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-267



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2024

| | |
|---|---|
| Lillian Billewicz et al.\* v. Town of Fair Haven, Vermont | } APPEALED FROM: <br> } <br> } Superior Court, Rutland Unit, Civil Division <br> } CASE NO. 22-CV-04159 <br> Trial Judge: Megan J. Shafritz |

In the above-entitled cause, the Clerk will enter:

Plaintiffs appeal pro se from the dismissal of their amended complaint.  We affirm.

This is one in a series of lawsuits concerning the tax sale of real property formerly owned by plaintiffs in the Town of Fair Haven.  Plaintiffs have now been sanctioned for willfully and repeatedly violating Vermont Rule of Civil Procedure 11, and a prefiling injunction has been imposed.[*]

The record indicates the following history.  Plaintiffs were notified by the Town in late 2013 that outstanding taxes were due with respect to four properties they owned and that tax sale procedures would be commenced if the delinquencies continued.  Plaintiffs did not pay the back taxes and in February 2014, the tax collector recorded notices of a tax sale, together with warrants, tax bills, levies, and property descriptions.  The properties were sold to the Town at tax sales held the following month and plaintiffs did not exercise their statutory right of redemption during the one-year period following the sale.

Plaintiffs sued the Town in March 2018, arguing that the tax deeds conveying the property to the Town were void and that they remained the rightful owners of the property.  The trial court rejected the argument as time-barred and this Court affirmed.  See Billewicz v. Town of Fair Haven, 2021 VT 20, ¶ 23, 214 Vt. 511.  Shortly after our decision, plaintiffs filed another suit, raising similar claims.  The trial court granted summary judgment to the Town on claim preclusion grounds, which this Court affirmed.  See Billewicz v. Town of Fair Haven, No. 21-AP-244, 2022 WL 424881 (Vt. Feb. 11, 2022) (unpub. mem.) [https://perma.cc/UN2S-Z7BZ].  Plaintiffs then filed a third suit against the Town, which plaintiffs voluntarily withdrew after the Town moved to dismiss and requested sanctions under Rule 11.  On the same day they withdrew

---

[*] Contrary to plaintiffs' assertion, the trial court's decision imposing sanctions preceded the issuance of a final judgment order in this case and it is encompassed within the scope of this appeal.

their state suit, plaintiffs sued the Town and various Town officials in federal court. The federal district court dismissed the case on claim-preclusion and statute-of-limitation grounds. It deemed plaintiffs' complaint frivolous in violation of Federal Rule of Civil Procedure 11, finding that plaintiffs' repeated litigation over the validity of the tax sale and its consequences "suggests a pattern of abusive litigation and gives rise to an inference of improper motives." Billewicz v. Town of Fair Haven, No. 5:22-cv-73, 2022 WL 4115966, at *13 (D. Vt. Aug. 11, 2022). The federal court considered plaintiffs' conduct willful and agreed with the Town that "[p]laintiffs will not stop unless someone makes them stop." Id. at *14. The federal court did not impose a filing injunction but formally warned plaintiff Ms. Billewicz, who has legal training, that additional frivolous filings might result in the imposition of sanctions.

Several months later, plaintiffs filed the instant suit against the Town. They claimed that the tax collector should have accepted a check they tendered in 2022 to redeem real properties in the Town with tax delinquencies. In other words, the court explained, plaintiffs' complaint essentially rested on their contention that the period in which to redeem their properties had not expired and the deeds conveying the property to the Town in 2015 were invalid. Plaintiffs then filed an amended complaint, removing all references to ownership of any specific real properties and recharacterized their attempted payment as one for "back taxes" rather than to redeem their property. They restyled their complaint as a taxpayer suit. The Town moved to dismiss and requested sanctions under Rule 11. The court granted both requests. It found that no private right of action existed allowing taxpayers generally to enforce a supposed "fiduciary duty" of town officials to collect unpaid taxes and plaintiffs cited no authority recognizing such a claim. The court added that, to the extent that plaintiffs sought to assert claims as the owner of specific real property previously conveyed to the Town, such claims were barred by the doctrine of claim preclusion.

The court imposed sanctions against plaintiffs pursuant to Rule 11, recounting the history of plaintiffs' litigation and noting that they had filed a fifth suit against the Town in November 2022, which was dismissed in July 2023. The court found plaintiffs' claims in the instant case entirely devoid of merit and clearly unwarranted by existing law. In an attempt to avoid dismissal on claim-preclusion grounds, the court explained, "[p]laintiffs turned their stripped-down, amended complaint into one based on a supposed breach of a made-up 'fiduciary duty' of town officials purportedly owed to citizen-taxpayers to collect taxes, which had absolutely no basis in existing statutory or common law." Plaintiffs then attempted to set forth a new legal theory, which the court found equally frivolous. The court determined that plaintiffs' pleadings went "well beyond merely unfounded or obviously mistaken legal contentions; the claims [had] been resoundingly rejected at every turn, before trial and appellate courts, state and federal." It concluded that plaintiffs' cases "lack[ed] any reasonable, good faith purpose, and . . . were brought with the intent to abuse the judicial system and to harass, burden, waste time, and otherwise annoy the Town or any person or entity that performs services of the town in connection with the subject properties." It imposed a prefiling injunction on plaintiffs for their willful and repeated violation of Rule 11(b).

Plaintiffs now appeal, challenging only the dismissal of their complaint. Plaintiffs argue that they are entitled to pursue a taxpayer suit for breach of the tax collector's fiduciary duty. They further contend that their claim is not barred on claim- or issue-preclusion grounds. We have reviewed plaintiffs' arguments and the record, and we reject plaintiffs' arguments for the reasons identified by the trial court in its decision. Plaintiffs attempted to advance a cause of action that does not exist and there is an existing statutory legal process that affords full redress against an elected or appointed town tax collector who neglects to properly collect or pay over

2

taxes to the town's treasury.  See 32 V.S.A. § 4691.  We further agree that plaintiffs' allegations about the Town emptying their belongings from the residences and "damag[ing] the real estate" are "unintelligible and so nonspecific as to be meaningless in connection with a claim for breach of fiduciary duty" and the allegations are insufficient under Vermont Rule of Civil Procedure 8(a).  Any assertions premised on a claim that plaintiffs remain the "owners" of property sold at the tax sale are barred on preclusion grounds.  Plaintiffs' amended complaint was properly dismissed.  See Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 11, 209 Vt. 514 ("[W]here the plaintiff does not allege a legally cognizable claim, dismissal is appropriate.").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice