22-1929-cv
Billewicz v. Town of Fair Haven

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-three.

PRESENT:
　　　　WILLIAM J. NARDINI,
　　　　MYRNA PÉREZ,
　　　　MARIA ARAÚJO KAHN,
　　　　　　*Circuit Judges.*

_____

JOHNATHAN J. BILLEWICZ, J AND M INVESTMENT TRUST, LILLIAN E. BILLEWICZ,

　　　　　*Plaintiffs-Appellants*,

MICHAEL W. BILLEWICZ,

　　　　　*Plaintiff*,

　　　　v.　　　　　　　　　　　　　　　　　22-1929

TOWN OF FAIR HAVEN, VERMONT, WILLIAM T. HUMPHRIES, TOWN OF FAIR HAVEN, VERMONT POLICE CHIEF, individual and official capacity, JOHN DOES, TOWN OF FAIR HAVEN, DEPARTMENT

OF PUBLIC WORKS EMPLOYEES, official capacity, JOHN AND JANE DOES, TOWN OF FAIR HAVEN, VERMONT ADMINISTRATIVE PERSONNEL, official capacity,

*Defendants-Appellees.*

For Plaintiffs-Appellants**:**     Johnathan J. Billewicz and Lillian E. Billewicz, pro se, Fair Haven, VT.

For Defendants-Appellees:     Kevin L. Kite, Carroll, Boe, Pell & Kite, P.C., Middlebury, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Johnathan and Lillian Billewicz, proceeding pro se, appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Chief Judge*) entered on August 11, 2022.

Appellants sued the Town of Fair Haven and others under 42 U.S.C. § 1983 alleging violations of their Fourth and Fourteenth Amendment rights stemming from an allegedly unlawful seizure of their property by the Town.   They claimed that in September 2019, the Town directed its employees to cover the entrance to the property with sheets of plywood, and the chief of police threatened to arrest the Billewiczes if they were to be caught on the property.   Omitted from the complaint, however, was some crucial context: in 2014, the property had been sold to the Town at a tax sale, and the Billewiczes' earlier attempt to litigate the validity of the

underlying sale in state court had been denied as time barred. *See generally Billewicz v. Town of Fair Haven*, 254 A.3d 194 (Vt. 2021); *see also Billewicz v. Town of Fair Haven*, No. 21-AP-244, 2022 WL 424881, at *1–2 (Vt. Feb. 11, 2022) (unpublished) (treating the earlier decision as res judicata as to allegations surrounding the sale). Taking judicial notice of these earlier proceedings, the district court dismissed the complaint as untimely and precluded by res judicata. *See generally Billewicz v. Town of Fair Haven*, No. 5:22-CV-73, 2022 WL 4115966 (D. Vt. Aug. 11, 2022).

We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal. "We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam).

The Billewiczes do not meaningfully challenge the district court's ruling that their claims were untimely or barred by res judicata. Nor do they object to the district court's decision to take judicial notice of the state court proceedings in ruling on the motion to dismiss. Instead, they mainly argue that the defendants violated their Fourth Amendment rights as articulated in the Supreme Court's decision in *Soldal v. Cook County*, 506 U.S. 56 (1992). However, we discern no error in the district court's dismissal of the Billewiczes's complaint.

Section 1983 actions filed in Vermont are subject to a three-year statute of limitations. *See Morse v. Univ. of Vt.*, 973 F.2d 122, 126 (2d Cir. 1992) ("We have ruled that . . . actions brought pursuant to 42 U.S.C. §§ 1981 and 1983 are most analogous to personal injury actions under state law; hence, the corresponding state statute of limitations has been deemed controlling."); Vt. Stat. Ann. tit. 12, § 512 (setting forth a three-year statute of limitations for

3

personal injury claims). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the harm." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted).

The Billewiczes filed their complaint in this action in May 2022. In order to be timely, their claims must have accrued in May 2019 or later. But the Billewiczes complain of acts that began to occur in May 2017—specifically, their exclusion from their properties by the Town and its employees. While the Billewiczes argue that they were complaining of injuries from September 2019, which occurred within the three-year statute of limitations, those injuries stem from when the Town originally excluded them from the properties, in May 2017—a connection the original complaint obscured, but which the brief on appeal makes clear.

As a result, their claims are time barred. We agree with the district court that the Billewiczes cannot postpone the accrual of their claims by arguing that each new injury resulting from the defendants' 2017 actions extends the statute of limitations. *See Singleton v. City of New York*, 632 F.2d 185, 192–93 (2d Cir. 1980); *see also DeSuze v. Ammon*, 990 F.3d 264, 272 (2d Cir. 2021) (the "ensuing injuries" from a time-barred act may have caused "continuing harms extending into the limitations period, but a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred act" (internal quotation marks and ellipses omitted)).

The Billewiczes dedicate most of their appellate brief to an argument premised on *Soldal v. Cook County*, 506 U.S. 56 (1992), but *Soldal* is unavailing. In *Soldal*, the defendants prematurely evicted the plaintiffs in contravention of state law, without waiting for eviction proceedings (at which the plaintiffs ultimately prevailed) to conclude. *See id.* at 57–59. Here,

4

even assuming that the underlying tax sale proceedings were still open to challenge, the plaintiffs' exclusion from the property is not, as discussed above. *Soldal* cannot bring these time barred claims back within the limitations period.

We have considered the Billewiczes' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5