A. A. ROBERTS *v.* OLIVER DANFORTH.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 11, 1917.

</div>

*Practice Act—Question Raised Thereunder—Malicious Suing Out of Body Writ—When Action Not Maintainable—Appeal and Error—Demurrer—Amendment.*

The question whether a special plea amounts to the general issue cannot be raised under the Practice Act.

An action of tort for the malicious suing out of a body writ for a much greater amount than any claim the plaintiff therein had probable cause to suppose he had against the defendant, cannot be sustained while the original action is pending.

The Supreme Court sits only as a court for the correction of errors, in a case brought upon exceptions and passes only upon the case that was before the court below; and therefore will not consider an amendment to a declaration, made in the trial court after a ruling

sustaining a demurrer, although the parties have stipulated that the amendment may be considered as if made before the ruling.

CASE.   Plea, the general issue and a special plea.   Heard on demurrer to the special plea at the June Term, 1916, Bennington County, *Fish*, J., presiding.    Demurrer overruled, *pro forma*, and plea held sufficient.   Plaintiff excepted.   The opinion states the case.

*Holden & Healey* and *F. C. Archibald* for plaintiff.

It was not necessary to aver or prove the termination of the first suit.    *Grainger* v. *Hill*, 4 Bing. N. Cases, 212, 7 L. J. C. P. 85; 5 Scott 561, 33 E. C. L. 675; 26 Cyc., p. 57, n. 17, p. 77, n. 59, p. 13, n. 71; *Bump* v. *Beets*, 19 Wend. 421; *Fortman* v. *Rollier*, 8 Ohio State 548, 72 Am. Dec. 606; *Sneeder* v. *Harris*, 109 N. C. 349, 14 L. R. A. 389; *Forrest* v. *Coolier*, 20 Ala. 175, 56 Am. Dec. 190; 6 Corpus Juris, p. 501, para. 1183, p. 519, para. 1260, p. 499, n. 11; *Zinn* v. *Rice*, 154 Mass. p. 1, 12 L. R. A. 288, 4 L. R. A., note p. 256; *Antcliff* v. *June* (Mich.), 10 L. R. A. 621; Note VII, 62 L. R. A. 721; *Jackson* v. *Amer. Tel. & Tel. Co.*, 139 N. C. 347, 70 L. R. A. 738; *Malone* v. *Belcher*, 216 Mass. 209, 49 L. R. A. (N. S.), p. 753.

*Robert C. Bacon* for defendant.

The action cannot be maintained while the original suit is pending.  *Rea* v. *Lewis*, Minor (Ala.) 382; *Wall* v. *Toomey*, 52 Conn. 35; *Feazle* v. *Simpson*, 2 Ill. 30; *Nolle* v. *Thompson*, 3 Metc. (Ky.) 121; *Spring* v. *Besore*, 2 B. Mon. (Ky.) 551; *McCracken* v. *Bank*, 4 Fed. 602; *Rossiter* v. *Paper Co.*, 37 Minn. 996; 33 N. W. 855; *Kelley* v. *Osborne*, 86 Mo. App. 239; *Freemark* v. *McKinney Co.*, 55 Mo. App. 435; *Donnegan* v. *Armour*, 3 Ohio Cir. Ct. 432; *Sloan* v. *McCracken*, 7 Lea (Tenn.) 626; *Wright* v. *Harris*, 160 N. C. 542, 76 S. E. 489; Cooley on Torts, 2nd Ed., 219; *McBean* v. *Ritchie*, 18 Ill. 114; *Driggs* v. *Burton*, 44 Vt. 124; *Gillispie* v. *Hudson*, 11 Kan. 163; *Sharpe* v. *Johnston*, 76 Mo. 660; *Hardin* v. *Borders*, 23 N. C. 143; *Woodworth* v. *Mills*, 61 Wis. 44; *Vanderbilt* v. *Mathus*, 5 Duer (N. Y.) 304; *Monroe* v. *Maples*, 1 Root (Conn.) 553; *Crescent Co.* v. *Builders Co.*, 120 U. S. 141; *Wood* v. *Bailey*, 144 Mass. 365; *Grainger* v. *Hill*, 4 Bing. New Cases 212; *Abbott* v. *Kemball*, 19 Vt. 551.

HASELTON, J.   This is an action of tort in one count.   The defendant filed ·the general issue and a special plea.   To the special plea the plaintiff demurred.   His demurrer was over-ruled, *pro forma,* the plaintiff excepted, and the cause was passed to this Court before final judgment.

The declaration sets out that the plaintiff, while in the employ of one Wise, was engaged in cutting timber on a certain piece of land owned by Wise; that, however, the defendant claimed ownership of the land, which so was in dispute; that the defendant, well knowing that, if his claims were good, the damage to him from the cutting and other acts complained of by him could not exceed fifty dollars, maliciously, etc., brought a suit therefor in trespass for four thousand dollars against the plain-tiff and others and caused the plaintiff to be arrested on the capias writ issued therein; that the plaintiff was unable to pro-cure bail in so large a sum as four thousand dollars, and was by the direction of the defendant and by virtue of the writ com-mitted to jail and ·detained therein for a time named.   Matters of aggravation and detail are not material to the questions now here presented.

The ground of the defendant's special plea is that the tres-pass suit is pending.   The demurrer, which was overruled goes upon two specified grounds, first, that the plaintiff is entitled to maintain this action notwithstanding the pendency of the tres-pass suit, and secondly, that if the pendency of the trespass action prevents the plaintiff from maintaining this action, then the special plea is bad as amounting to the general issue.   Counsel do not take much time with the second ground of demurrer nor do we.   The question that a special plea amounts to the general issue and is therefore bad cannot be entertained under the Practice Act, for thereunder a plea or answer is good, so far as form is concerned, if it is "a brief and simple statement of the facts relied on in defence."

The soundness of the first ground of the demurrer depends upon the nature of the tort alleged.   The declaration is in form an action on the case, and the case sought to be stated is for malicious procedure without probable cause.   The declaration is not for false imprisonment nor for the abuse of process since all that was done after the issue of the process was done pursuant to it.

The fundamental tort alleged is the malicious suing out of a

body writ for nearly a hundred times the amount of any claim the defendant had probable cause to suppose he had against the plaintiff. *Austin* v. *Debnam,* 3 B. & C. 139; *Savage* v. *Brewer,* 16 Pick. (Mass.) 453, 28 Am. Dec. 255; *Tomlinson* v. *Warner,* 9 Ohio 104. The declaration is essentially a declaration for malicious prosecution, though where, as here, an arrest follows the malicious prosecution, the tort is commonly called malicious arrest. The distinction is mainly one of phraseology and is immaterial here. 2 R. C. L. 12.

That a malicious arrest and a malicious prosecution are essentially one in principle and that they are clearly distinguishable from malicious abuse of process is made sufficiently clear in *Grainger* v. *Hill,* 4 Bing. (N. C.) 212. The suit here is of such a character that it cannot be maintained while the original action is pending, for the result of that action may show that the plaintiff has no grievance. The rule applicable to cases of malicious procedure is well stated in 2 L. R. A. (N. S.) in a note at page 948. The rule given there, a rule supported both by reason and authority, is this: "Where the plaintiff's grievances have nothing to do with the result of the original action, he may go ahead without regard to it, otherwise not." It follows that the action here cannot be sustained while the original action is pending and that the defendant's special plea is good. The damages, if any, that the defendant is entitled to in his trespass suit are to be determined there and not in this suit or in some later of a series of suits.

In this Court, the parties stipulate that the plaintiff's declaration may be amended by incorporating into it an averment that, on a date which was the date of the termination of the plaintiff's imprisonment as alleged, the assistant judges of the county court reduced the bail in the action complained of to four hundred dollars, that the plaintiff furnished bail in that amount and was discharged from custody. Counsel also stipulate as to other amendments, all to be treated as if made before the defendant's pleas were filed and the subsequent proceedings had. But, in a case brought here on exceptions, we sit only as a court for the correction of errors, and pass only upon the case that was before the court below. *Alfred* v. *Alfred,* 87 Vt. 542, 90 Atl. 580; *State* v. *Webster,* 80 Vt. 391, 67 Atl. 1098.

*The judgment overruling the plaintiff's demurrer is affirmed and the cause is remanded.*