**Joseph Anello and Emilio Anello v. Vincent Vinci**

[458 A.2d 1117]

No. 477-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed March 28, 1983

584

*Lawrence E. Kimball*, St. Johnsbury, for Plaintiffs-Appellants.

*May, Davies & Franco*, Barton, for Defendant-Appellee.

**Underwood, J.** The plaintiffs, Joseph Anello and Emilio Anello, appeal from judgments of the Orleans Superior Court wherein the jury found for the defendant, Vincent Vinci, on their claim of trespass and, on a counterclaim sounding in malicious prosecution, returned a verdict in favor of the defendant in the amount of $4,000. The plaintiffs contend that the court erred in (1) not granting their motion for a directed verdict on their complaint in trespass, and (2) allowing the defendant to bring an action for malicious prosecution by way of counterclaim. We disagree with the plaintiffs' first contention but agree with their second contention. Therefore, we affirm the judgment in the trespass action and reverse the judgment on the counterclaim.

## I.

In the action for trespass there was conflicting evidence relative to the nature of the defendant's initial possession of the premises in question. The only undisputed facts as to this

issue are that the plaintiffs were the owners of two houses in Coventry, Vermont, a gray one and a green one. Sometime in 1978 they orally leased the gray house to the defendant on a month-to-month basis. In early 1979 the plaintiffs wanted to rent out a second floor apartment in the green house and requested the defendant to place an advertisement in a local paper and show the unit to prospective tenants.

All the other relevant facts as to the defendant's initial possession of the premises in question were vehemently contested. The defendant testified that the plaintiffs authorized him to rent the apartment in the green house for $250 per month. He found no one would rent it and advised the plaintiffs that the rent was too high. He then offered to rent it himself for $200 per month. The plaintiffs agreed to rent him the apartment for that amount if he could find a tenant to take over his lease to the gray house. He found someone who would do so. The plaintiffs were satisfied with this arrangement and allowed the defendant and his family to move into the apartment in the green house.

The plaintiffs testified to the contrary. They stated that the defendant asked on two occasions to move into the apartment in the green house as a tenant, and that they answered in the negative in each instance. The defendant then moved into the green house without their knowledge or permission. Therefore, they argue, he was not a tenant, but a trespasser.

The plaintiffs further testified that on April 12, 1979, after discovering that the defendant had moved into the green house, they gave him notice to vacate the premises. The defendant did so, but not until June 5, 1979. This evidence is uncontroverted.

At the close of the case the plaintiffs moved for a directed verdict. They argued that "even if" the defendant had been granted an oral lease, he must nonetheless be found, as a matter of law, to have become a trespasser after he held over on the premises for more than a "reasonable time" after receiving notice to vacate. The court denied plaintiffs' motion stating that:

> Given the fact that the plaintiff has emphatically maintained there was never a lease agreement, and this was a trespasser *ab initio*, we are going to deny [plaintiffs'] motion for a directed verdict ....

■ Although we agree with the court's denial of plaintiffs' motion, we disagree with the reasoning used by it to reach such result. The plaintiffs' complaint and amended complaint alleged that they gave the defendant notice to vacate the apartment in the green house and that he failed to do so. Moreover, the plaintiffs offered evidence at trial which showed that they gave the defendant notice to vacate on April 12, 1979, and that he did not vacate until June 5, 1979. The fact that the plaintiffs "emphatically" maintained throughout the trial that the defendant was a trespasser from the moment he and his family moved into the green house is irrelevant. They clearly have the right to argue in the alternative that defendant became a trespasser only after holding over beyond the notice period. The presentation of inconsistent claims is clearly permissible under V.R.C.P. 8(a). *Tracy* v. *Vinton Motors, Inc.*, 130 Vt. 512, 514, 296 A.2d 269, 271 (1972).

■■ Nevertheless, the court's error does not require reversal since the record discloses another legal ground which fully justifies the denial of plaintiffs' motion for a directed verdict. *Burleson* v. *Caledonia Sand & Gravel Co.*, 127 Vt. 594, 596, 255 A.2d 680, 681 (1969). In this regard, we note that a tenant who holds over after his lease is terminated by proper notice to quit cannot be held liable as a trespasser, because he entered upon the land rightfully.* See I American Law of Property § 3.32, at 236 (A. J. Casner ed. 1952); see also W. Burby, Real Property § 50, at 128 (1965). This being the case, the plaintiffs' alternative argument is without merit, and therefore it would have been error to grant their motion.

## II.

We next consider the plaintiffs' contention that the $4,000 malicious prosecution award must be reversed since such an action may not be asserted by way of counterclaim.

■■ To recover for malicious prosecution the claimant must establish that the person against whom the claim is asserted instituted the proceeding against him (1) without

---

* The usual method to eject a tenant who is wrongfully holding over after a proper notice to quit is a common law ejectment action, 12 V.S.A. § 4761, or a district court ejectment action, 12 V.S.A. § 4851.

probable cause, (2) with malice, and that (3) the proceeding terminated in claimant's favor. See generally *Fay* v. *Van Ells*, 134 Vt. 536, 541, 367 A.2d 167, 171 (1976); *Roberts* v. *Danforth*, 92 Vt. 88, 91, 102 A. 335, 336 (1917). Since the claim does not arise until the termination of the original proceeding upon which it is based, a counterclaim cannot be maintained to recover damages for the malicious prosecution of the action in which the counterclaim is asserted. The weight of authority in this country, including Vermont, is to the effect that the original proceeding must have terminated before an action for malicious prosecution can be instituted. *Roberts* v. *Danforth*, *supra*, 92 Vt. at 91, 102 A. at 336; 52 Am. Jur. 2d *Malicious Prosecution* § 14, at 195; 54 C.J.S. *Malicious Prosecution* § 379, at 1045.

The defendant concedes that this is the rule. He argues, however, that the plaintiffs waived any claim of error by filing an answer to the defendant's counterclaim rather than a motion to dismiss the counterclaim as being premature. We disagree.

■ Actions for malicious prosecution are not favored in the law. *Fay* v. *Van Ells*, *supra*, 134 Vt. at 541, 367 A.2d at 171. They have an undesirable tendency to unduly discourage citizens from seeking redress in the courts. *Alexander* v. *Petty*, 35 Del. Ch. 5, 108 A.2d 575, 577 (1954). Therefore, it is right and logical that verdicts in this type of action should be viewed more critically than verdicts in other tort actions. Viewing the instant case in this light, we hold that the plaintiffs did not waive any claim of error by failing to file a motion to dismiss. The court erred when it allowed the defendant's malicious prosecution counterclaim and, in order to ensure that such actions not be interposed in the original action on which such claims are based, we so hold.

Finally, we note that the court did not cure this defect by inducing the parties to accept, on the record, its proposal to "bifurcate" the plaintiffs' trespass action from the defendant's counterclaim for malicious prosecution. The court's proposal was to try the trespass and the malicious prosecution actions simultaneously, and then bifurcate counsels' final arguments and its charge to the jury. Final arguments and a charge on the trespass action would be given first. If the jury found for the plaintiffs the court would then dismiss the malicious prose-

cution case. On the other hand, if the jury found for the defendant in the trespass action, the court would permit the attorneys to give their final arguments on malicious prosecution and then charge the jury on that matter. This proposal, which was followed in the case, does not satisfy the need for separate proceedings required by *Roberts* v. *Danforth, supra.*

*The judgment for the defendant in the trespass action is affirmed. The judgment for the defendant in his counterclaim for malicious prosecution is reversed.*