2007 VT 57

**Charles BACON, Maureen Bacon and M & C Realty, Inc. v. REIMER & BRAUNSTEIN, LLP, Paul Samson, David Fanikos, Doremus & Kantor, Steven Kantor and Peter Barton**

[929 A.2d 723]

No. 05-289

¶ 1. June 20, 2007. Plaintiffs M & C Realty and its principals, Charles and Maureen Bacon, appeal from a superior court order granting summary judgment in favor of defendants, attorneys and other agents of the Rhode Island Depositors Economic Protection Corporation (DEPCO). The court ruled that the Bacons' malicious prosecution suit was barred by an adverse ruling on their summary judgment motion in an earlier civil action by DEPCO against them and others. The Bacons contend the court erred in concluding that the denial of their earlier motion established that DEPCO had probable cause to bring the action as a matter of law. As explained below, we agree that the court erred, and we therefore reverse and remand for further proceedings.

¶ 2. The material facts are as follows. DEPCO is a public corporation established by the State of Rhode Island to collect and liquidate the assets of a number of credit unions which failed during the 1991 Rhode Island credit union crisis. In May 1997, DEPCO filed a superior court complaint against David F. LaRoche, the Bacons and a number of Vermont entities, seeking to recover more than $15 million owed on various promissory notes to the failed credit unions. The complaint alleged that the Bacons and other defendants had participated with LaRoche in the transfer of assets in a scheme designed to defraud the credit unions. As to the Bacons and their com-

pany, the complaint alleged two such transactions, one in which LaRoche used several corporate entities that he controlled to sell a property known as Westenfeld Farm to the Bacons for less than fair market value, and a second in which LaRoche allegedly orchestrated the below-market tax sale of a lot in a Quechee development to the Bacons, who then resold it for a substantially higher amount. The complaint sought to set aside the allegedly fraudulent transfers under the Vermont fraudulent conveyance statutes, 9 V.S.A. §§ 2285 to 2312, to "pierce the veil" and appoint receivers for the corporate defendants, and to attach realty owned by the various defendants.

¶ 3. In October 1997, the Bacons moved for summary judgment, asserting that there were no connections between themselves and the LaRoche entities that would entitle DEPCO to relief and that all of the disputed transactions were done at arms length and for a fair price. DEPCO opposed the motion, arguing that it had not completed discovery "[i]n what is clearly a complex and factually detailed case," that "the sparse . . . document production" it had received thus far suggested that Charles Bacon was "heavily involved" in LaRoche-controlled entities in Vermont, and that the Bacons had "profited substantially because of their favored insider status" from the two transactions at issue. The court issued a written decision in January 1998 denying the motion. The court found that the documents and affidavits submitted by the parties "do not demonstrate a lack of material facts in dispute; instead, they suggest that there have been several complex transactions involving David LaRoche and Charles Bacon." As the court explained, it could not "accept at face value" the Bacons' relatively unsupported assertion that the "transactions at issue were negotiated at arms length."

¶ 4. In September 2001, following the successful resolution of its claims against

the other defendants, DEPCO dismissed its complaint against the Bacons with prejudice, later explaining that the action was no longer "cost-effective." In November 2004, the Bacons filed the instant suit for malicious prosecution against defendants, a DEPCO employee and three of its former attorneys. Defendants moved for summary judgment, claiming that the denial of the Bacons' motion for summary judgment in the underlying DEPCO action established, at a minimum, probable cause for the action. See *Anello v. Vinci*, 142 Vt. 583, 586-87, 458 A.2d 1117, 1119 (1983) (holding that to recover for malicious prosecution, plaintiff must prove that defendant initiated or continued the case without probable cause, that defendant acted with malice, and that the earlier case terminated in plaintiff's favor). The trial court agreed, ruling that "as a matter of logic . . . prima facie evidence to survive the motion for summary judgment also meets the standard of probable cause, which is less stringent." Accordingly, it granted DEPCO's motion and dismissed the case. This appeal followed.

¶ 5. The trial court here was correct that substantial authority supports the proposition that a denial of summary judgment on the ground that material issues remain in dispute is persuasive, if not conclusive, evidence of the existence of probable cause for purposes of defeating a subsequent claim for malicious prosecution. See, e.g., *Wolfinger v. Cheche*, 80 P.3d 783, 791 (Ariz. Ct. App. 2003) (though not dispositive in all circumstances, surviving a motion for summary judgment on the ground that material issues remain in dispute generally means that a claim is objectively reasonable and thus negates an essential element in a later malicious prosecution action); *Wilson v. Parker, Covert & Chidester*, 50 P.3d 733, 738 (Cal. 2002) (absent proof of perjury or fraud "[a] trial court's conclusion that issues of material fact remain for trial necessarily implies that the judge finds at least some

merit in the claim" and "compels the conclusion that there is probable cause" (quotations and alterations omitted));[1] *Davis v. Butler*, 522 S.E.2d 548, 550 (Ga. Ct. App. 1999) ("[w]here the trial court finds in the alleged abusive litigation that such action withstands the attack by motion for summary judgment and is entitled to a trial by jury, although the plaintiff may lose at trial, such denial of summary judgment constitutes a legal determination that the action has substantial justification" for purposes of defeating the vexatious litigation claim).

¶ 6. We agree that the denial of a motion for summary judgment *may* provide persuasive evidence that the case had sufficient merit to establish the element of probable cause and thereby defeat a subsequent suit for malicious prosecution. Summary judgment is appropriate "where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he has the burden of proof." *Poplaski v. Lamphere*, 152 Vt. 251, 254-55, 565 A.2d 1326, 1329 (1989) (quotations omitted). Thus, the denial of summary judgment may well establish that, if the material facts in dispute are decided favorably to the party opposing the motion,

---

[1] Although *Wilson* specifically held that the denial of motion to strike under an anti-SLAPP (strategic lawsuit against public participation) statute established a prima facie case sufficient to establish the absence of probable cause in a subsequent malicious prosecution action, the court analogized directly to the denial of summary judgment, explaining that "the result in the prior case (whether a verdict or judgment in the plaintiff's favor, or denial of a defense summary judgment or SLAPP motion) establishes the existence of probable cause as a matter of law, absent proof of fraud or perjury." 50 P.3d at 742.

the claimant could establish all of the elements of the claim necessary to prevail at trial. See *Fromson v. State*, 2004 VT 29, ¶ 13, 176 Vt. 395, 848 A.2d 344 ("[i]f the nonmoving party alleges specific facts that raise a triable issue and establish a prima facie case" summary judgment must be denied). In such a case, logic supports a finding that the claim had sufficient potential merit to preclude any subsequent finding in a malicious prosecution suit that there was no objectively reasonable basis to bring the action. See *Wilson*, 50 P.3d at 737-38 ("denial of a defendant's summary judgment motion provides . . . persuasive evidence that a suit does not totally lack merit" for purposes of determining probable cause to bring the action (quotations and alterations omitted)); W. Keeton, Prosser & Keeton on the Law of Torts § 120, at 893-94 (5th ed. 1984) (probable cause standard in civil actions merely requires that facts and law would support a "reasonable chance" of prevailing on the claim).

¶ 7. We are not persuaded, however, that the summary judgment in the underlying action here was of this nature. As noted earlier, the Bacons moved for summary judgment before any significant discovery had occurred in the case. Indeed, although DEPCO now asserts that the court's denial of the motion conclusively established that the action was meritorious, the record shows that it opposed the motion at the time on the ground that summary judgment was *"premature"*; DEPCO argued that the Bacons' affidavits were "conclusory" and that it had "not had an adequate opportunity to conduct meaningful discovery." Although the court ultimately ruled that material facts remained in dispute as to whether the Bacons had paid fair market value in connection with the allegedly fraudulent transactions, the court's finding — as DEPCO observed — was based largely on the parties' self-serving affidavits, not on expert appraisals or other substantial independent evidence.

¶ 8. Furthermore, a careful review reveals that the court's summary judgment ruling contains little analysis of the facts or law as they relate to the specific elements of the fraudulent conveyance counts against the Bacons under 9 V.S.A. §§ 2285 to 2312. See *In re Chase*, 328 B.R. 675, 678-79 (Bankr. D. Vt. 2005) (setting forth the elements necessary to set aside an allegedly fraudulent transfer under both the federal Bankruptcy Code and the Vermont fraudulent conveyance statutes and noting that they are essentially "identical"); *Becker v. Becker*, 138 Vt. 372, 375, 416 A.2d 156, 159 (1980) (setting forth the elements necessary to avoid a fraudulent conveyance).[2] Although the court sketched the outlines of the showing necessary to DEPCO's theory of recovery, its findings and conclusions in this regard were negligible. While it found, for example, that there were facts in dispute as to whether the transactions involving the Bacons were arranged with the actual intent to defraud creditors, it cited no evidence to substantiate the finding. The court's findings on the alternative theory of "constructively fraudulent transfers" were equally thin. See *Chase*, 328 B.R. at 678 (law will "set aside transfers that are

_____

[2] As the court in *Chase* explained, under both the Bankruptcy Code and 9 V.S.A. §§ 2288 and 2289, a transfer may be set aside if tainted with actual fraud, requiring a showing of an actual intent to defraud a creditor, or if "constructively fraudulent," which requires a showing, inter alia, that the debtor received "less than a reasonably equivalent value" in exchange for the transfer. 328 B.R. at 678-79; accord 9 V.S.A. § 2288(a) (a transfer incurred by a debtor is fraudulent if made "with actual intent" to defraud or "without receiving a reasonably equivalent value in exchange for the transfer or obligation").

tainted with actual fraud and certain other transfers, commonly referred to as constructively fraudulent transfers"). Although it found that there was evidence that the debtor (LaRoche) was insolvent when the transfers took place, its analysis of whether the Bacons had paid "less than a reasonably equivalent value" for the assets — the key element of the DEPCO complaint — was perfunctory and confined to the marginal evidence available at that stage of the proceedings. Indeed, the court's ultimate conclusion that material facts remained in dispute appears to rest largely on the complexity of the alleged transactions and the "confused intermingling of business activities and assets" among the parties. This falls short, in our view, of the qualitative merits determination necessary to establish probable cause as a matter of law and bar any subsequent claim for malicious prosecution.

¶ 9. We conclude, therefore, that the trial court judgment must be reversed, and the matter remanded for further proceedings. In so holding, we express no opinion on the ultimate question of whether DEPCO had probable cause to initiate and maintain the underlying action or whether it acted with malice, as required to prove malicious prosecution. *Anello*, 142 Vt. at 587, 458 A.2d at 1119.

*Reversed and remanded.*