Filed 04/07/26

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05635

| Amy Chandler v. Cassandra Allen |
|---|

## RULING ON PENDING MOTIONS

In this action Plaintiff Amy Chandler seeks ejectment of her adult daughter, Defendant Cassandra Allen, and Defendant's two minor children, from certain residential premises in Poultney. Before the Court are two motions: (1) Defendant's motion to dismiss, filed in lieu of a responsive pleading, asserting insufficient service of process and failure to state a claim; and (2) Plaintiff's subsequent motion for leave to file and serve an amended summons and an amended complaint.

Defendant appears *pro se*, and Plaintiff is represented by Jean M. Pagliughi, Esq. For reasons that follow, the Court grants in part, and denies in part, Defendant's motion to dismiss. The Court further DENIES, as futile, Plaintiff's motion to file an amended complaint as proposed in her motion. However, Plaintiff is granted leave to serve an amended summons on Defendant, and Plaintiff is also granted leave to file and serve an amended complaint, in light of this ruling.

I.   The Nature of Plaintiff's Action

The Court begins by focusing on Defendant's motion for failure to state a claim, and specifically, by identifying the nature of Plaintiff's action. Plaintiff does not identify the legal basis for the action, but the Court construes it as one for "justice ejectment" pursuant to 12 V.S.A. § 4851. Such an action sounds in tort, not in contract, and lies against a person for having wrongfully remained in possession after determination of a tenancy, and despite the owner's demands to vacate. *See generally Sabourin v. Woish*, 116 Vt. 385 (1950); *Canfield v. Hall*, 121 Vt. 479 (1960); *see also Andrus v. Dunbar*, 2005 VT 48, ¶ 9, 178 Vt. 554 (mem.) (ejectment statute "allows an action for possession where the former lessee 'holds possession of the demised premises without right, after the termination of the lease'") (quoting 12 V.S.A. § 4851). Plaintiff's action fits that bill, since she alleges: (1) that Defendant and her children were given voluntary permission by Plaintiff in 2023 to reside at the premises; (2) such permission was later withdrawn; and (3) Defendant has remained in possession without right, after Plaintiff's permission was withdrawn or revoked. Indeed, Plaintiff's notice to terminate, dated September 11, 2025, indicates that it was issued pursuant to 9 V.S.A. § 4467, the section within the Residential Rental Agreements Act ("RRAA") that governs terminations of residential tenancies. *See* Ex. 4 to Pl.'s Compl. (notice letter). That statutory reference carries significance since the subsequent section of that very Act, 9 V.S.A. § 4468, grants landlords an action for

1

ejectment "under 12 V.S.A. chapter 169, subchapter 3"—*i.e.*, under 12 V.S.A. §§ 4851-56—if a tenant remains in possession after termination of a lease. Additionally, Plaintiff's notice indicated, in bold, all-capitalized typeface appearing at the very top of the notice, that the notice was to terminate a "**TENANCY**." That is a further indication that Defendant was then a tenant, and that Plaintiff would be seeking a post-termination ejectment of a holdover tenant.

II. <u>Defendant's Motion To Dismiss For Failure To State A Claim</u>

Defendant's motion to dismiss asserts that, because Plaintiff's notice to terminate was not actually in compliance with the particular requirements on such notices as set forth in the RRAA, Plaintiff's tenancy was not properly terminated prior to the filing of this lawsuit. She then argues that, without a pre-suit termination of her tenancy, an action for justice ejectment may not be brought, as a matter of law. That argument is well-recognized; an essential predicate to an action for justice ejectment is that the landlord has terminated the tenancy in a manner specified by law. *See Andrus,* 2005 VT 48, ¶¶ 9-10, 15. A failure to properly terminate prior to filing the ejectment lawsuit means that the lawsuit fails to state a claim and must be dismissed. *See id.*

Plaintiff opposes this argument on two grounds. First, Plaintiff asserts that Defendant was never a tenant and Plaintiff was never her landlord, and that there was not even an oral agreement between them, which means that the parties' never had a relationship covered by or subject to the RRAA. Plaintiff thus reasons that Defendant was never owed a notice of termination that complied with the RRAA, as a prerequisite to Plaintiff's action for ejectment. Second, Plaintiff argues that even if the RRAA's mandates do apply and govern, her notice of termination was legally sufficient, and properly effectuated a termination of tenancy before her action was filed. The Court finds these arguments lacking in merit.

To begin, amendments to pleadings are exclusively authorized and governed by Rule 15 of the Vermont Rules of Civil Procedure, which means that such amendments are not allowed to be made by way of a litigant's legal briefs that are intended to stave off a motion to dismiss. That is what Plaintiff attempts to do here. In her opposition, Plaintiff seeks to disclaim or disavow that her action is one for ejectment of a holdover tenant. Her opposition brief states that "Defendant squarely falls within the definition of occupying 'a dwelling unit without right or permission by a person who is not a tenant.'" Pl.'s Opp'n to Def.'s Mot. to Dismiss & Cross-Motion To Serve An Am. Summons & Compl. (Feb. 19, 2026), at 7 (quoting 9 V.S.A. § 4452(a)(9)). Thus, Plaintiff now seeks to classify Defendant as a trespasser, not a holdover tenant. This would mean that the RRAA does not apply, and that any insufficiencies in Plaintiff's notice to terminate are irrelevant and not a bar to her action.

But Plaintiff's notice to terminate was expressly relied upon in her Complaint, and a copy of the notice was attached as an exhibit to the Compliant as well. That makes the notice a part of Plaintiff's pleading, for purposes of deciding Defendant's Rule 12 motion. *See Rogers v. Rogers*, No. 25-CV-02185, 2025 WL 3700358, at *2 (Vt. Super. Ct. Dec. 11, 2025) (citing *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 10 n.4, 186 Vt. 605); *Margolis v. Daily Direct LLC*, 2023 VT 78, ¶ 10 n.4, 186 Vt. 605. Since, as noted above, Plaintiff's notice to terminate indicates that the Defendant held a tenancy—indeed, there would be no point to a termination notice unless there was at least an existing tenancy—Plaintiff cannot be heard today, especially

2

not by way of her mere legal briefing, to disclaim that Defendant was ever a tenant. Further, the law actually regards a tenant at will who holds over after a termination as a type of tenant—namely, a "tenant at (or by) sufferance," rather than trespasser. 1 *Tiffany Real Property* § 174 (3d ed., Sept. 2025 update).

The significance of this Court's conclusion that Plaintiff's Complaint set forth a theory of ejectment of a holdover tenant is that "[a] tenant who holds over after his lease is terminated by proper notice to quit cannot be held liable as a trespasser, because he entered upon the land rightfully." *Anello v. Vinci*, 142 Vt. 583, 586 (1983). Thus, while a landlord-plaintiff may generally plead in the alternative, *see* V.R.C.P. 8(a), and "may maintain an ejectment action and rely on as many grounds for ejectment as are allowed by law at any time during the eviction process," 9 V.S.A. § 4467(i), the law does not permit fundamentally incompatible theories of ejectment *and* trespass to be asserted against a single person in possession of the owner's premises. *See Anello*, 142 Vt. at 586; *cf. Tiffany Real Property* § 174 ("one who enters by permission and abuses his right of entry does not thereby become a trespasser ab initio").

Accordingly, Plaintiff has pled an action for ejectment, and the RRAA *does* apply here, and so the remaining question is whether Plaintiff's notice of termination sufficiently complied with the RRAA.[1]

The RRAA specifies that termination for no cause (or for other causes) must occur through "actual notice" to the tenant. *See* 9 V.S.A. § 4467(a)-(e). "Actual notice" is merely defined as "written notice hand-delivered or mailed to the last known address" of the lessee. 9 V.S.A. § 4451(1). But our Supreme Court has interpreted the RRAA to require more than just *some* sort of notice; the contents of the notice must be clear and specific in several respects, sufficient to ensure that the tenant is not "put in the position of having to speculate on the meaning and legal effect of the landlord's actions." *Andrus*, 2005 VT 48, ¶ 13. "'[T]echnical accuracy in the wording of a notice [to terminate a tenancy] is not required but the notice must be so certain that it cannot be reasonably misunderstood,'" *id.* (quoting *Hawaiian Elec. Co. v. DeSantos*, 621 P.2d 971, 975 (Haw. 1980)), such that it would "create[] confusion about the landlord's intent," *id.* at ¶ 14. In *Andrus*, for example, the landlord did not meet this standard when he served two, separate notices to terminate that were conflicting and confusing as to when and whether the lease would terminate, or had been terminated.

Here, Plaintiff's notice to terminate, dated September 11, 2025, is at least as confusing to as were the notices in *Andrus*. For example, the notice to Defendant lists two, clearly conflicting

---

[1] Plaintiff maintains in her opposition brief that the RRAA does not apply or govern here because there was not even an oral "rental agreement" between Plaintiff and Defendant within the meaning of 9 V.S.A. § 4451(8). Plaintiff further reasons that there was no such agreement because "rental agreement" contemplates the payment of rent by the lessee to the lessor, and there were no such payments ever made here by Defendant to Plaintiff. Even assuming that these contentions, set forth in Plaintiff's opposition, conclusively show or mean that the RRAA does not apply or govern here, that would not suffice to change the action into one for trespass. Plaintiff would still be seeking ejectment of a tenant who originally entered by permission. Such an action is perhaps one for "common law ejectment," under 12 V.S.A. § 4761. To bring such an action, the Plaintiff still must terminate the tenancy through valid notice, and 9 V.S.A. § 4467(i) appears to indicate that for a notice to be valid, it must be "in compliance with this section," *i.e.*, in compliance with 9 V.S.A. § 4467. As such, the requirement, discussed below, of a clear and unequivocal notice to terminate, still applies, even if this action is a so-called common law ejectment action.

3

dates of termination. One sentence provides: "The purpose of this letter is to provide you Notice of 30 days to vacate the premises." Yet, another sentence states: "The homeowner expects you to vacate the premises by the termination date of December 15, 2025." (Emphasis in original.) Thus, the notice falls short of giving clarity to the Defendant as to the termination date.

Furthermore, it is notable that the notice refers to the rights or expectations of "[t]he homeowner," but the notice nowhere indicates the identity of "[t]he homeowner." Relatedly, the notice's references to "your sister," and to "your sister's right to pursue eviction," create confusion, since Amy Chandler is (according to the Complaint) the mother of Defendant Cassandra Allen, not her sister. (The notice also states that "[y]our mother is issuing this notice," which adds to the confusion.) Plaintiff's failure to clearly and unequivocally state who the landlord is, and which person's rights are being asserted against Defendant, does not give Defendant a clear indication of the actions that are being taken against her.

The repeated references in the notice to 9 V.S.A. § 4467(i) are also confusing as to the grounds for which the tenancy is being terminated. While the top of the notice states that the termination is for "NO CAUSE," 9 V.S.A. § 4467(i) does not pertain to "no cause" terminations, but rather explains the effects and operation of multiple, concurrent notices of termination when they are served by a landlord on a tenant. Indeed, the Court cannot make sense of another sentence that appears shortly after a citation to 9 V.S.A. § 4467(i), which reads as follows: "Nothing in this notice in any way limits your sister's right to pursue eviction pursuant to the notice to terminate, for the grounds set out in this notice, or for all such grounds." It is not clear what is meant by the declaration that termination may be made for "grounds set out in this notice, or for all such grounds," since it is unclear what "other grounds" there are, apart from the ones that may have been set out in the lone notice that was served. Something important appears missing or mis-stated in this sentence.[2]

In conclusion, therefore, Plaintiff did not properly effectuate a termination of the tenancy before she brought her action for justice ejectment. As such, the action must be dismissed. V.R.C.P. 12(b)(6); *Andrus, supra*.

III. Amended Pleadings

Where, as here, a dismissal pursuant to Rule 12(b)(6) is granted before the defendant has filed a responsive pleading, the "proper course" is usually for the court to dismiss without prejudice and grant the plaintiff leave to amend. *Neal v. Brockway*, 136 Vt. 119, 122 (1978); *see* 6 M.K. Kane, et al., *Federal Practice & Procedure Civil (Wright & Miller)* § 1483 (3d ed., Sept. 2025 update) ("[I]f it is at all possible that the party against whom a dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to

---

[2] To the extent that sentence is an effort to construe and explain 9 V.S.A. § 4467(i), it is confusing. Section 4467(i) pertains only to situations in which more than one notice of termination is served on a tenant. It indicates that when multiple notices are served at the same time or in an overlapping manner, each notice may separately and independently operate to terminate a tenancy, regardless of the grounds for termination that are set forth in the other notices. Section 4467(i) further indicates that actions for ejectment may proceed on any single ground that is set forth in a notice, or on any or all grounds set forth in multiple notices. Here, since Plaintiff served only *one* notice to terminate on Defendant, the references to 9 V.S.A. § 4467(i) are confusing.

4

amend."); *cf.* V.R.C.P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.]"). "Of course, if repleading could not possibly correct the defects in the party's claim, then the court should dismiss the action without leave to replead." *Wright & Miller* § 1483.

Here, Plaintiff has already sought leave to amend her Complaint and has filed a proposed Amended Complaint. The problem with the proposed Amended Complaint, however, is that it appears to be a facsimile of the original Complaint. All the allegations appear identical, and the proposal also incorporates by reference the same notice to terminate that (as discussed above) failed to properly terminate Defendant's tenancy. As such, leave to file the proposed Amended Complaint must be denied as futile.

However, the purpose of the discretionary rule under *Neal v. Brockway* is to allow an amended pleading to a plaintiff before a responsive pleading is filed but *after* the plaintiff has learned, through a dismissal under V.R.C.P. 12(b)(6), the legal defects in the original Complaint that warranted its dismissal. Here, Plaintiff filed a proposed Amended Complaint without any knowledge of this Court's dismissal under Rule 12(b)(6), and it does appear that the amendment was sought for any reason other than to cure a defect in the summons. In other words, Plaintiff has not fairly amended "once as a matter of course" before the Defendant's responsive pleading. Fairness, efficiency, and Rule 15's permissive standards all support giving Plaintiff a real chance to fix legal defects in her original Complaint.

Accordingly, the Court GRANTS Defendant's motion to dismiss under V.R.C.P. 12(b)(6), and ORDERS dismissal of Plaintiff's original Complaint. Further, Plaintiff's motion to file her proposed Amended Complaint is DENIED as futile. Pursuant to Rule 15 and *Neal v. Brockway*, however, the dismissal of Plaintiff's original Complaint is without prejudice. Plaintiff shall have 14 days in which to file an Amended Complaint.[3] No additional permission or order is needed before that new pleading may be filed, and when it is filed and properly served, Defendant may respond to it or challenge it, as provided by rule.

IV. <u>Amended Summons</u>

Plaintiff is also granted leave to serve a new, amended summons, together with her new Amended Complaint, on Defendant. The error in the original summons, listing the wrong street address for this Court—but listing the proper name of this Court and providing the proper street address of the Rutland Family and Criminal Divisions—is not a substantial defect that renders this action void, such as to require outright dismissal. Defendant identifies no prejudice resulting from the defect, and in fact, Defendant appeared for purposes of filing the instant motion to dismiss. It would serve no purpose to order dismissal under these circumstances, and it would likely "burden[] the parties with additional expense and delay and postpone[] the adjudication of the controversy on the merits." 5B A.R. Miller & A.B. Spencer, *Federal Practice & Procedure Civil* § 1354 (4th ed., Sept. 2025 update); *see also* V.R.C.P. 4(j) (amendments to process allowed absent "substantial prejudice"); *Mountainview Ass'n, Inc. v. Town of Wilmington*, 147 Vt. 627, 639 (1987) (court should retain the case involving defective service of process if "a reasonable

---

[3] Since Plaintiff's proposed Amended Complaint was not allowed, this new pleading, for purposes of clarity, should bear the heading "Amended Complaint," and not, for example, "Second Amended Complaint."

prospect exists that plaintiff could properly serve defendant"); 4A A.N. Steinman, *Federal Practice & Procedure Civil* § 1088 (4th ed., Sept. 2025 update) ("A defendant's appearance in the action should be enough to prevent any technical error in form from providing a basis for invalidating the process.") (citing federal cases construing Federal Rule 4(a)(2) (formerly Rule 4(h))); V.R.C.P. 4, Reporter's Notes ("Rule 4(j) is taken from Federal Rule 4(h)" and is virtually identical to a Vermont statute (now superseded) "which was based on the federal rule").

Thus, the Court will not grant dismissal for insufficient service of process, and Plaintiff may try to cure through service of an amended summons. Accordingly, Defendant's motion to dismiss this action for insufficient service of process is DENIED, and Plaintiff's motion for leave to serve an amended summons, along with her new Amended Complaint, is hereby GRANTED.

## ORDER

1. the Court GRANTS Defendant's motion to dismiss under V.R.C.P. 12(b)(6), and ORDERS dismissal of Plaintiff's original Complaint without prejudice;

2. Defendant's motion to dismiss this action for insufficient service of process is DENIED;

3. Plaintiff's motion to file her proposed Amended Complaint is DENIED;

4. Plaintiff's motion for leave to serve an amended summons, along with her new Amended Complaint, is hereby GRANTED;

5. Plaintiff shall have 14 days in which to file an Amended Complaint.

Electronically Signed on: Monday, April 6, 2026 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge

6